In the Matter of ROSE L. MIRANDA, Appellant, against ORDWAY TEAD et al., Constituting the Board of Higher Education of the City of New York, Respondents.

Argued May 23, 1946; decided July 23, 1946.

*J. George Levy* and *Irving S. Ottenberg* for appellant. The Board was without power to abolish petitioner's position on October 18th retroactively as of September 1st. Since petitioner's services were available to the Board from September 1st to October 18th, she could not be deprived of salary for that period. (*Matter of Hunt*, 60 St. Dep. Rep. 210; *Steinson* v. *Board of Education of N. Y.*, 165 N. Y. 431; *Gunnison* v. *Board of Education*, 176 N. Y. 11; *Matter of Gelson* v. *Berry*, 233 App. Div. 20, 257 N. Y. 551; *Cooke* v. *Dodge*, 164 Misc. 78; *Libby* v. *Douglas*, 175 Mass. 128; *Board of Education* v. *Couch*, 63 Okla. 65; *Randolph* v. *Saunders*, 22 Tex. Crim. App. 331; *McKay* v. *Barnett*, 21 Utah 239.)

*Benjamin M. Zelman* for Teachers' Union, *amicus curiæ*, in support of appellant's position.

*A. Mark Levien* for New York Teachers' Guild, *amicus curiæ*, in support of appellant's position.

*John J. Bennett*, Corporation Counsel (*Arthur H. Kahn, Seymour B. Quel* and *Michael A. Castaldi* of counsel), for respondents. The Board has the power to abolish petitioner's position at any time. Petitioner is not entitled to any compensation after September 1, 1943, the effective date of her separation from the college. (*Matter of Divisich* v. *Marshall*, 281 N. Y. 170; *Lapolla* v. *Board of Education*, 172 Misc. 364, 258 App. Div. 781, 282 N. Y. 674; *Buckbee* v. *Board of Education*, 115 App. Div. 366, 187 N. Y. 544; *Matter of Daley*, 49 St. Dept. Rep. 201; *Juddson* v. *Board of Education*, 255 App. Div. 1024; *Matter of Emery*, 62 St. Dept. Rep. 124.)

*Per Curiam.* Petitioner's position as a teacher in The College of the City of New York was declared in excess by a resolution adopted by respondents on October 18, 1943, which also purported to abolish the position retroactively as of September 1, 1943. Petitioner's services, however, were available to respondents from September 1, 1943, to the day her position was abolished and she is entitled to receive her salary for that period. Insofar as the resolution attempts to deprive petitioner of her salary by abolishing her position retroactively, it is invalid. The orders should be modified to the extent of directing respondents to pay petitioner her salary for the period from September 1,

1943, to October 18, 1943, and, as so modified, affirmed, without costs.

The orders should be modified, without costs, in accordance with this opinion, and, as so modified, affirmed.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, THACHER and FULD, JJ., concur; DYE, J., taking no part.

Ordered accordingly.