Donald S. Taylor, J.
In this proceeding instituted pursuant to the provisions of article 78 of the Civil Practice Act petitioner seeks to review and annul respondent commissioner’s determination which dismissed her appeal from the respondent Board of Education’s action in terminating her employment as a teacher of instrumental music in a union free school district under its supervision at the expiration of the term specified in her employment contract. Her reinstatement with back pay is also sought. Concededly, the problem which the proceeding poses concerns the interpretation of the tenure provisions of section 3013 of the Education Law and presents no issues of fact.
Petitioner’s employment commenced in 1948 under a one-year contract with the board as a teacher of instrumental music for two days each week. The contract was regularly renewed for a similar term, with appropriate increments in salary, until *897 1952 when she became employed on a three-day per week basis. In April, 1956 petitioner’s employment was terminated by the Board of Education effective June 30,1956 for the stated reason that it had decided to discontinue the course of instruction in instrumental music. On June 5, 1956 the board restored the course to its curriculum, increased it to a full-time program for the ensuing school year, declined to continue petitioner as a full-time teacher therein and appointed another to the position.
The petitioner contends that her employment by the board under eight successive written contracts of one year each for the consecutive school years beginning in 1948 and ending in 1956 equated the maximum probationary period prescribed by the statute and thereafter by acquiescence of the board entitled her to the benefits of permanent tenure in the full-time position from which she could be removed only for cause. She argues that the commissioner’s contrary interpretation of the statute is arbitrary in a legal sense.
In pertinent part section 3013 reads as follows: “ 1. Teachers * * * and all other members of the teaching- and supervising staff, of school districts employing eight or more teachers * * * shall be appointed by a majority vote of the board of education or trustees upon recommendation of the district superintendent of schools from lists submitted to such district superintendent by the principal of the district in which they are to be employed for a probationary period of not to exceed five years. * * * 2. On or before the expiration of the probationary term of a person appointed for such term * * * the district superintendent of schools shall make a written report to the board of education or trustees recommending for appointment on tenure, from lists and reports furnished by the principal of the district, those persons who have been found competent, efficient and satisfactory. * * * By a majority vote the board of education or trustees may then appoint on tenure any or all of the persons recommended by the district superintendent of schools.”
The tenure granted teachers by these provisions is “ in derogation of the common-law right of contract on the part of public authorities in engaging public servants of this character, and should be strictly construed.” (Matter of O’Connor v. Emerson, 196 App. Div. 807, 813, affd. 232 N. Y. 561; Matter of McMaster v. Owens, 275 App. Div. 506, 508.) Probationary tenure is granted and permanent tenure assured only to those persons who obtain their positions in the school system in the manner prescribed by the Education Law. (§§ 3012, 3013, *898 subds. 1, 2.) In those school districts where, as here, the tenure provisions of the statute are applicable, an appointment by a majority vote of the governing body upon appropriate recommendation of the supervisory authority is necessary for the attainment of both probationary and permanent status. (Matter of Board of Educ. of Ellicottville v. Allen, 283 App. Div. 376; Walcott v. Fisher, 274 App. Div. 339, affd. 299 N. Y. 688; Bacon v. Board of Educ. of City of N. Y., 205 Misc. 73, 77, affd. 285 App. Div. 1046, motion for leave to appeal or for reargument denied 286 App. Div. 832; Matter of High v. Board of Educ. of Union Free School Dist. No. 7, Town of North Hempstead, 169 Misc. 98, affd. 256 App. Div. 1074, affd. 281 N. Y. 815; Matter of McMaster v. Owens, supra; cf. Education Law, § 1709, subd. 16, § 3011.) In this instance the required basic statutory conditions were not met by the execution of successive employment contracts of yearly duration. (Matter of Carter v. Kalamejski, 255 App. Div. 694, affd. 280 N. Y. 803.) Nor is the doctrine of tenure by estoppel available to the petitioner. This is applicable only in cases in which a probationary appointment has been made in compliance with the statutory procedure which has ripened into permanent tenure by continuing employment thereafter with the acquiescence of the board and the district superintendent of schools, (See Matter of Armlin, 73 N. Y. St. Dept. Rep. 32; Matter of Monan v. Board of Educ. of City of Buffalo, 280 App. Div. 14.) This obviously was not the case here. It follows that the petitioner’s employment terminated on the date on which her last contract with the board expired.
The cases cited by petitioner are not in point. Not the right of a teacher to attain permanent tenure in the manner claimed here but the right to achieve or to retain its benefits after appropriate appointment in compliance with the applicable statutes was the issue presented in those in which the provisions of the Education Law were construed. (Hughes v. Board of Educ. of City of N. Y., 249 App. Div. 158; Strum v. Board of Educ. of City of N. Y., 194 Misc. 182, affd. 277 App. Div. 855, affd. 301 N. Y. 803; Matter of Cohen v. Board of Educ. of City of N. Y., 163 Misc. 638, affd. 252 App. Div. 722, affd. 277 N. Y. 519.)
The determination of the respondent commissioner was neither factually nor legally arbitrary and hence is not subject to review in the courts, (Education Law, § 310.)
Accordingly, the petition is dismissed on the merits, without costs.
Submit order.