Kenneth S. MacAffeb, J.
The petitioner has instituted this proceeding pursuant to the provisions of article 78 of the Civil Practice Act for an order of this court directing the respondent, pursuant to the provisions of section 3013 of the Education Law, to reinstate and appoint the petitioner to a position as teacher in the Middleburgh Central School District and declaring that the petitioner has tenure as a teacher in the aforesaid school district.
The respondent opposes this application and now asks for a dismissal of the petition on three grounds:
2. That the proceeding is not brought within the time limits as prescribed by section 1286 of article 78 of the Civil Practice Act.
3. That the allegations of the petition fail to establish that the petitioner was ever appointed to tenure or even acquired tenure as a matter of law pursuant to the provisions of section 3013 of the Education Law.
4. That the allegations of the petition fail to establish that her probationary appointment made on July 31, 1957 was not properly terminated.
With respect to the first ground, the parties on the argument consented that the correct corporate title of the respondent as hereinabove set forth be substituted as the name of the respondent and the petition amended accordingly.
On the return date of the petition, the New York State Teachers Association appeared by John E. Glenn, Esq., its counsel, and requested permission to appear and intervene amicus curiae. No objection was interposed to such request and on consent of the parties the court granted such permission.
It appears from the petition that the petitioner is a duly licensed teacher duly authorized to teach in the State of New York and is the holder of a “ life certificate ” issued under the signature of the Commissioner of Education of this State; that by written notice dated March 5, 1952 the petitioner was appointed an elementary teacher by the respondent herein for a probationary period of three years commencing September 1, 1952; tfiat the petitioner accepted in writing such appointment on the 6th day of March, 1952; that the petitioner taught there *911 after for three years ending in June, 1955 during which period she received and accepted two notices of increase in salary; that during such period no complaints were made respecting the petitioner’s services as such teacher; that in the Spring of 1955 the principal of the school and the District Superintendent of Schools both recommended that petitioner be placed on tenure in the said school system; that the respondent took no action with respect to such recommendation; that the respondent did not take any action terminating thei petitioner’s probationary appointment; 'that on or about March 1, 1955 an appointment as a special teacher for a probationary period of three school years beginning July 1, 1955 was tendered to the petitioner and accepted by her on March 4, 1955; that the petitioner taught kindergarten in such school district for two school years ending June, 1957; that on or about February 14,1957 the petitioner was given and accepted a notice of salary for the school year 1957-1958 as such kindergarten teacher; that on or about the 31st day of July, 1957 the petitioner received a probationary appointment as a secondary teacher of French and Latin for a probationary period of three years beginning September, 1957 which she duly accepted in writing August 2, 1957; that the petitioner during the school year expiring June, 1958 served as a secondary teacher of French and Latin and also taught remedial reading to eighth grade students for two 40-minute periods each week of the school year; that subsequent to a meeting of the respondent board, held in February, 1958 the petitioner was advised by the principal of the school that the respondent was not going to employ the petitioner for the school year commencing September, 1958 and that on or about the 28th of May, 1958 the petitioner caused a written notice to be served upon the respondent demanding that the respondent continue her employment as a teacher and that respondent take such action as might be necessary to indicate that she was on tenure.
The respondent board at a meeting held on the 3rd day of June, 1958 unanimously passed a resolution removing the petitioner as probationary ¡appointee in the secondary field. The preamble to -such resolution recited that the District Superintendent of Schools had recommended that the petitioner be removed from probationary appointment in the secondary field as of June 30, 1958.
From the foregoing it appears that although the petitioner was employed as a teacher by the respondent for the period from September 1, 1952 .to June 30, 1958 she never was given tenure by the respondent board. It is conceded that the respond *912 ent board has a three-year probationary period. The petitioner did serve three years as a probationary elementary teacher and upon completion of such term received the recommendation of her principal and superintendent for appointment on tenure'. However, before the expiration of that probationary period, the petitioner had been appointed a probationary special teacher and served for two years thereafter. Before completing three years’ probationary period as a special teacher, the petitioner was appointed a secondary teacher of French and Latin and served one year and before the expiration of such period was informed that she would not be continued in such capacity.
Section 3013 of the Education Law provides the procedure for the appointment of teachers on probation and for the granting of tenure in school districts of the type of .the respondent district and the provisions thereof are therefore applicable to the respondent district.
In substance, this section of the law provides that teachers in school districts, having a superintendent of schools, shall be appointed by a majority vote of the board of education upon recommendation of the ’district superintendent from lists submitted to the district superintendent by the principal of the district for a probationary period; that the services of such probationary employees may be discontinued at any time during the probationary period upon ,the recommendation of the district superintendent and the majority vote of the board; that on or before the expiration of the- probationary period, the district superintendent shall make, a written report to the board recommending for appointment on tenure those persons who have been found competent, efficient and satisfactory and that by a majority vote, the board may appoint on tenure any or all of the persons so recommended by the district superintendent. This section also provides that aggrieved persons may review the determination of the board either by appeal to the Commissioner of Education or by instituting a proceeding pursuant to article 78 of the Civil Practice Act.
The Division of Law, New York State Education Department, in 1953 issued Law Pamphlet 11, entitled “ Tenure and Salaries of Teachers ” in which the following appeared (pp. 9-10): “ 5 Areas of tenure and transfers. Tenure classifications naturally fall into divisions of secondary (grades 9-12) and elementary (grades 1-8) teachers, principals, supervisors, directors, etc. Teachers of industrial arts have also enjoyed a special classification as have teachers in other special areas such as kindergarten, physical education, music, art, other vocational subjects (bookkeeping, stenography, shop, agriculture etc.). A transfer *913 from one position to another within the same tenure area does not affect the teacher’s tenure rights and is at the discretion of the board of education. After a teacher has acquired tenure he may not be transferred to a position in a different tenure area without his consent. When so transferred the teacher begins a new probationary period in the new area. He does not, however, lose the tenure which he acquired in the area where he was employed prior to transfer. If for any reason his employment in the new area is terminated he would be entitled to be placed on a preferred eligible list and to be reappointed on tenure in the area where he originally acquired tenure as soon as a vacancy occurs in that area. Such preferred list expires in four years.”
The Commissioner of Education, in rendering decisions construing the applicability of the provisions of -section 3013 of the Education Law, has stated that appointment and the right to enjoy tenure are classified in several areas. (Matter of Feldbauer v. Board of Educ., 65 N. Y. St. Dept. Rep. 68.)
The respondent contends that, although the petitioner was employed by the respondent board for six years, she was never granted tenure by the board and that she is not entitled to the benefits of tenure. In support of this contention the respondent urges that tenure must be obtained in a certain area in the position to which the teacher was appointed and that the over-all service of an individual as a teacher may not be considered in determining whether tenure has been obtained by the individual.
The petitioner -contends that the provisions of section 3013 of the Education Law do not contain any reference to “ fields ” or “ areas ” and that such qualifications as suggested by the Commissioner of Education and the Education Department of this State are without authority in law.
This court in analyzing the provisions of section 3013 of the Education Law reaches the conclusion that there is no provision therein providing for “fields” or “areas” of service. The intent of the statute, however, does contemplate that the board may appoint probationarily a teacher to a certain position and that a recommendation for tenure is dependent upon the teacher’s record for capacity, efficiency and satisfaction in the performance of the duties of such position. It seems obvious, therefore, that such services shall be rendered for a period of three years in that particular position. This court, therefore, concludes that the petitioner completed her probationary period in but one position, that of elementary teaching. She received the recommendations required by statute for apppointment on tenure to that position.
*914 It has been urged that during the year 1957-1958 the petitioner also taught the subject of remedial reading two 40-minute periods each week to students in the eighth grade. There is a question of whether a teacher may be engaged at the one time in two probationary capacities. It also seems to be the rule that credit for teaching shall be accorded only to the position in which the teacher is occupied during the major portion of her time. (Matter of Feldbauer v. Board of Educ., 65 N. Y. St. Dept. Rep. 68, 69, supra.)
The papers disclose that prior to the actual recommendation that tenure be granted to the petitioner as an elementary teacher she had accepted a probationary appointment on March 4, 1955 from the respondent as a special teacher. That appointment notice in bold type was entitled “ Teacher’s Probationary Appointment Notice.” Again, on the 2nd day of August, 1957 the petitioner signed an acceptance of a probationary appointment as a secondary teacher of French and Latin which was contained on a similar form. On each of these notices of appointment it was stated that the appointment was for a probationary period of three years.
The petitioner must have known that she had never been placed on tenure and she apparently made no protest or took any action concerning the failure of the board to act. The petitioner took no action with respect to tenure until May, 1958 although she had learned in February, 1958 that she was not going to be continued in her probationary position as a secondary teacher.
Even after a teacher has served a probationary period and has obtained the necessary recommendation, no right of appointment follows. The board has discretion in the matter and' may reject the recommendation and refuse to appoint with tenure. (Matter of McMaster v. Owens, 275 App. Div. 506.) The statute does not require the board to act within any specified period of time. The board is not required to advise the teacher as to whether any action was taken on such a recommendation. (Matter of Downey v. Board of Educ., 72 N. Y. St. Dept. Rep. 29.)
It has been urged in behalf of the petitioner that the fact that the board continued to employ the petitioner constituted an approval of the recommendation and by reason of such continuation the board is estopped now from terminating her service. This court does not sustain such a contention in this proceeding for the reason that the board did not continue the petitioner in the same area of teaching for which she had been recommended on completion of her probationary period. (Matter of Geruso v. Board of Educ., 71 N. Y. St. Dept. Rep. 158.)
*915 This court, therefore, concludes that the petition of the petitioner must he dismissed for the reason that the allegations of the petition fail to establish .that the petitioner was ever appointed to tenure or ever acquired tenure as a matter of law.
This court, therefore, concludes that objections 3 and 4 interposed by the respondent must be sustained and the proceeding dismissed, without costs.
Respondent to submit order.