Kenneth S. MacAffer, J.
This is an application under article 78 of the Civil Practice Act for an order annulling and declaring void and of no effect a determination or decision of the respondent James E. Allen, Jr., as Commissioner of Education of the State of New York.
The respondent, James E. Allen, Jr., Commissioner of Education of the State of New York, will hereinafter be referred to as the Commissioner. The petitioner, the Board of Education of Central School District No. 2 of the Towns of Virgil, Harford, *674 Lapeer and Cortlandville, Cortland County, New York, will hereinafter be referred to as the Board of Education.
This proceeding involves the dismissal of one Marion Gris-wold, an elementary teacher in the school system of petitioner, Board of Education, and the reinstatement of said teacher by the respondent Commissioner on her appeal to him with a directive for reimbursement for any loss of salary since her dismissal.
The respondent Commissioner has served an answer setting forth denials of certain allegations of the petition, an affirmative defense of the ‘ ‘ finality rule ” of section 310 of the Education Law and objections in point of law that the petition fails to state facts sufficient to constitute a cause of action. The petitioner has served a reply to this answer.
Marion Griswold, although not named as a party to this proceeding, has been served with the motion papers through her attorneys. She has not appeared or answered herein. John E. Glenn, Esq., attorney of Albany, N. Y., appears amicus curia as counsel to the New York State Teachers Association in support of the respondent Commissioner’s determination.
The facts involved in this proceeding appear to be substantially undisputed. The legal conclusions to be drawn from these facts are in dispute.
There appear from the papers before the court the facts as hereinafter set forth. The petitioner, Board of Education, has within its district and under its control and management a small school eight miles from the City of Cortland. That school has a kindergarten and elementary grades. In 1953 one Katie McMahon was the teacher in the kindergarten grade. On October 6 she gave the Board of Education her written resignation effective November 25, 1953.
Dorothy Young at the time was the teacher of the fourth grade in the school. She was contacted by Mr. Aldrich, Supervising Principal of the district, relative to a transfer to teaching kindergarten. She accepted and late in November, 1953 began teaching kindergarten. No formal action of the petitioner Board of Education seems to have been taken on this transfer although it was done with its knowledge and consent. Dorothy Young on March 26, 1954, in writing, resigned as elementary teacher effective July 1,1954.
On the transfer of Dorothy Young from her fourth-grade position it became necessary to hire a teacher for that position. Mr. Aldrich contacted Marion Griswold and she was then employed on the recommendation of Mr. Aldrich as the fourth-grade teacher beginning November 30, 1953. No formal action *675 of the petitioner Board of Education seems to have been taken on this employment although this also was done with its knowledge and consent.
Marion Griswold continued as the fourth-grade teacher throughout the remainder of the school year. Before the year’s conclusion and on May 12, 1954, on the recommendation of Mr. Lacy, District Superintendent, the petitioner Board of Education employed Marion Griswold for a five-year probationary period commencing July 1, 1954. She continued to teach fourth grade until the end of the school year in 1959. Her probationary period of five years would have expired on June 30, 1959.
On March 11, 1959 Mr. Lacy recommended that she be placed on tenure under certain conditions. The petitioner, Board of Education, refused this recommendation and on that date instead dismissed her effective June 30, 1959. The fact of the dismissal on that date appears to be accepted by all the parties although nowhere in the papers before the court does such action appear to be shown.
No formal written notice of this action of the petitioner, Board of Education, was given to Marion Griswold before May 14, 1959. On that date she filed her appeal to the respondent Commissioner from the action of the petitioner Board of Education refusing her tenure and dismissing her from service. Formal notice of such written notice was served on her on or about May 18, 1959. It appears, however, that she had been given an informal oral notice of such action on March 12, 1959 by Mr. Franklin, the then Supervising Principal.
On these facts the petitioner Board of Education contends (1) that the appeal to the respondent Commissioner by Marion Griswold was not timely under rule 5 of the Commissioner’s rules with respect to appeals and should have been dismissed by the Commissioner for that reason; (2) that the Commissioner committed legal error in holding that the deposed teacher’s period of probationary service must be considered to have commenced November 30, 1953 and that accordingly she acquired tenure by acquiescence and (3) that section 310 of the Education Law is not a bar to a review by the courts where the action of the Commissioner is arbitrary, capricious and illegal.
Consideration to these contentions of the petitioner will be given in the order stated above.
Section 310 of the Education Law provides in part as follows:
“ § 310. Appeals or petitions to commissioner of education and other proceedings. Any person conceiving himself aggrieved may appeal or petition to the commissioner of education who is hereby authorized and required to examine and decide *676 the same; and the commissioner of education may also institute such proceedings as are authorized under this article and his decision in such appeals, petitions or proceedings shall be final and conclusive, and not subject to question or review in any place or court whatever. Such appeal or petition may be made in consequence of any action:
* # *
“ 4. By the trustees of any district in paying or refusing to pay any teacher, or in refusing to admit any scholar gratuitously into any school or on any other matter upon which they may or do officially act.
* * *
‘ ‘ 7. By any other official act or decision of any officer, school authorities, or meetings concerning any other matter under this chapter, or any other act pertaining to common schools.”
Section 311 of the Education Law provides in part as follows: “ The commissioner, in reference to such appeals, petitions or proceedings, shall have power:
“1. To regulate the practice therein.”
Buie 5 of the Commissioner’s Buies of Practice with respect to Appeals provides in part as follows:
“ 5. Time of perfecting appeal. Such original appeal and all papers etc. annexed thereto, with proof of service of copies, as required by rules 3 and 4, must be sent to the Education Department within 30 days after the making of the decision or the performance of the act complained of or within that time after the knowledge of the cause of complaint came to the appellant, or some satisfactory excuse must be rendered in the appeal for the delay.”
The Commissioner has determined that the appeal was timely brought. His decision states “ Bespondent’s claim of laches on the part of the appellant is untenable since this appeal was brought four days prior to the final notification of dismissal by the respondent. ” While there is no requirement that a board of education give formal written notice of a refusal by such board to award tenure to a teacher under section 3013 of the Education Law it is good practice that they do so. (Matter of Downey, 72 N. Y. St. Dept. Rep. 29.) Moreover the lapse of time did not prejudice the rights of the petitioner Board of Education and apparently may be excused by the Commissioner. (Matter of District No. 24, 68 N. Y. St. Dept. Rep. 32; Matter of Board of Educ. of Union Free School Dist. No. 33, 10 N. Y. St. *677 Dept. Rep. 444.) Petitioner’s contention designated (1) above is overruled.
Under petitioner’s contention designated (2) above the petitioner makes two points. The first point is that sections 2509 and 2573 of the Education Law do not apply to central school districts but only to city school districts. The second point is that under section 3013 of the Education Law a valid probationary period must be established by the concordance of the recommendation of the District Superintendent and the resolution of the Board of Education making the appointment for the probationary period.
The Commissioner has held that the resignation of the original kindergarten teacher (Mrs. McMahon) created a permanent vacancy which could not be filled by a temporary appointment and that the subsequent transfer of the fourth-grade teacher (Miss Young) to the kindergarten position created a permanent vacancy in the fourth grade which should have been filled by a regular appointment based upon the recommendation of the District Superintendent for a five-year probationary period beginning November 30, 1953. He holds further that the failure of the Board of Education and of the District Superintendent to comply with the statutory requirements should not redound to the injury of the deposed teacher. With these conclusions this court cannot agree.
Under all the circumstances, it seems to this court that it was the intent of the petitioner Board of Education and of Marion Griswold that her employment as the fourth-grade teacher on November 30, 1953 was as a substitute teacher on a temporary basis. Otherwise, it seems to this court that the Board of Education would have taken some formal action at the time and would not have waited until the following year to make a formal appointment of Marion Griswold for the probationary period of five years commencing July 1, 1954. She must be deemed to have so considered her 1953 employment in view of her acceptance of the subsequent appointment for the probationary period. (Matter of Becker, 16 Misc 2d 909, affd. 8 A D 2d 885.)
A substitute, or supply teachers as they are sometimes called, may be a necessary expedient required by an unusual situation confronting a board of education, such as was presented here (Matter of Jaffe v. Board of Educ. of City of N. Y., 265 N. Y. 160, 163). It cannot be said that the school board here was entirely without any discretion in this matter.
There is no provision in section 3013 of the Education Law similar to that in sections 2509 and 2573 whereby a teacher who has rendered satisfactory service as a regular substitute may *678 be appointed for a lesser probationary period than the three years provided by these sections of the law. Section 3013 applies to this school district. Sections 2509 and 2573 apply to city school districts. Therefore, the temporary appointment of this teacher on November 30,1953 cannot be considered to be part of her probationary period. Probationary tenure may be granted to the teachers in this school system only in the manner prescribed by section 3013. (Matter of Nyboe v. Allen, 10 Misc 2d 895, affd. 7 A D 2d 822; Matter of McMaster v. Owens, 275 App. Div. 506.)
Until probationary tenure has been awarded under section 3013 there can be no acquisition of permanent tenure by estoppel or acquiescence (Matter of Nyboe v. Allen, supra, p. 898).
The petitioner, Board of Education, was well within its legal rights in dismissing this teacher effective June 30, 1959 as she had not acquired permanent tenure (Education Law, § 3013; Matter of McMaster v. Owens, supra).
It follows that the decision of the Commissioner granting tenure to this teacher has no basis or warrant in law. Such a determination is therefore ‘ ‘ purely arbitrary ’ ’ and the immunity of review provided by section 310 of the Education Law does not apply here. (Matter of Board of Educ. of City of N. Y. v. Allen, 6 N Y 2d 127; Matter of Ross v. Wilson, 308 N. Y. 605, 608.)
The determination of the respondent Commissioner is therefore vacated and set aside, without costs.