John T. Casey, J.
The petitioner seeks an article 78 review of a determination of the Commissioner of Education dismissing the appeal from his discharge as a school psychologist. Prior to the 1968-69 school year the petitioner had attained tenure in that position. During the 1968-69 school year he, as a tenured employee, and another psychologist, Preston Telfer who lacked tenure, worked full time, as the petitioner had since July 19, 1964.
On June 19, 1969 the respondent BOCES dismissed the petitioner ‘ ‘ because of the discontinuance of services due to curtailment of funds * * * effective September 1, 1969 ”. According to departmental records for the year 1969-70, after the petitioner’s discharge, a James Noether was employed as a school psychologist for 81 days and Preston Telfer for 40 days of that school year by the respondent board.
In his decision dismissing the appeal, the Commissioner (despite the absence of answers by the respondents, requiring that the allegations of the petitioner be deemed true under the Commissioner’s rules) decided that, since neither of these positions for the 1969-70 school year either separately or collectively constituted a full-time position, the petitioner had no legal claim to either or both, because part-time positions are not covered by the tenure law, citing Matter of Rye 4 (77 N. Y. St. Dept. Rep. 165, affd. sub nom. Matter of Nyboe v. Allen, 10 Misc 2d 895, affd. 7 A D 2d 822). In brief, the Commissioner concluded that the respondent had the right to abolish the full-time positions in the instant circumstances, and that the petitioner acquired no rights inasmuch as the new positions were part-time and tenure does not attach to part-time positions. (See Matter of West, 1 Ed. Dept. Rep. 83.)
The authorities relied upon by the Commissioner hold that part-time employees gain no tenure, no matter how long their service and, therefore, are not entitled to appointment by reason of tenure when their positions are converted to full time. (Education Law, §§ 3013, 3014.) These same citations serve as no predicate for the converse proposition, however, that would permit an already tenured employee in a full-time position to be replaced by junior-tenured or nontenured personnel, when his full-time position is converted to part time. Tenure once obtained in a full-time position should prevail in that position even though the position is converted to part time.
It is true that Boards of Education may abolish positions held by tenured personnel, but only when such action is taken in good faith as the result of legitimate reorganization and provided the board recognizes seniority rights. (Matter of Murphy, *216 8 Ed. Dept. Rep. 101.) A lesser standard or .showing should not be permitted when the position is not abolished but converted from full time to part time (a fact not conceded by the petitioner who claims the positions are still full time on the basis of being over 50% of the time rule) but where the result is the same — depriving a tenured employee of his position.
Since the position of full-time school psychologist in which the petitioner was tenured is most certainly in the same tenure area as a part-time school psychologist (cf. Matter of Jadick v. Board of Educ. of City School Dist. of Beacon, 19 A D 2d 153, revd. on other grounds 15 N Y 2d 652) the petitioner has the right to claim resort to subdivision 3 of section 2510 and subdivision 5 of section 2585 of the Education Law which provide that the creation of a similar position within the same tenure area will entitle the tenured employee of the position abolished to the new position without reduction in salary, or, if reorganization, then at least status on a preferred list for an appointment to a position similar to the one previously held, if it should be determined that the positions are part time instead of full time and have been made so in good faith “ to curtail funds ”. (Matter of Taylor v. Board of Educ. of City of New Rochelle, 269 App. Div. 905, affd. 295 N. Y. 882; see, also, Matter of Baron v. Mackreth, 30 A D 2d 810, affd. 26 N Y 2d 1039; 52 N. Y. Jur., Schools, Colleges, etc., § 359.)[1] To hold otherwise would permit indiscriminate removal of tenured employees and the appointment of nontenured ones within the same tenure area by the mere change- of position classification from full time to part time, regardless of the actual hours of work or the similarity or identity of the duties performed, and would result in the evil that the Education Law sought to prevent when it recognized tenure. The decision of the Commissioner herein, therefore, is purely arbitrary. (Matter of Vetere v. Allen, 15 N Y 2d 259.)
This does not mean, however, that the petitioner is entitled to reinstatement automatically, as he claims. This proceeding must be remanded to the Commissioner for a determination concerning whether the respondent acted in good faith in converting or attempting to convert the positions of full-time school psychologist to part time, whether the positions as converted were in fact part time, whether the petitioner was offered either of the converted positions or placed on a preferred list with *217 respect thereto, or whether his tenure was credited properly in relation to those who received the new positions. Furthermore, if the Commissioner determines the board acted erroneously the petitioner is entitled to an order appointing him to the position of school psychologist if such position still exists. (Matter of Baron v. Mackreth, supra.) If not, the Commissioner must determine what damages, if any, in the way of salary the petitioner lost as a result of failure to appoint him to one of the converted positions. (Matter of Miranda v. Tead, 295 N. Y. 545.)

. All of the above, although specifically relating to Boards of Education, is applicable as well to BOCES personnel. 52 N. Y. Jur., Schools, Colleges etc., § 342; Education Law, '§ 3014, subd. 2.