Bertram Harnett, J.
On September 1,1967, Roger Dreyfuss was hired as a senior high school French teacher in Huntington, New York. He taught French for five years until he was -notified at the close of the 1972 school year that his position was abolished and he was then offered a part-time position at lower pay. Mr. Dreyfuss brings this CPLR article 78 proceeding, protesting that he should have been offered the position given to another foreign language teacher, Melvin Kerman, with claimed less seniority.
The Board of Education has moved to dismiss on the basis of a prior arbitration finding that this dispute did not fall within the teachers ’ collective bargaining agreement, and on other grounds pertaining to the merits.
*705 A. ARBITRATION DOES NOT PRECLUDE JUDICIAL REVIEW
This matter was initially referred to arbitration pursuant to the decision of Mr. Justice Dbrounian dated July 31,1972. The collective bargaining agreement provided for arbitration of all disputes arising under it, and, at the threshold, the arbiter must decide if indeed the dispute before him did arise under the agreement so as to be subject to his jurisdiction. He must decide if the parties agreed to submit this type of dispute to arbitration.
By opinion and award dated August, 1972, the arbiter found that the agreement did not by itself secure seniority rights to a teacher whose position is abolished, and dismissed the grievance on the grounds that the “ agreement therefore does not deal in any manner with the rights asserted in the present grievance ”.
In this proceeding, Mr. Dreyfuss does not rely on the collective bargaining agreement to uphold his seniority rights. Instead, Mr. Dreyfuss relies entirely on rights conferred by statute (Education Law, § 2510), enjoyed independently of the rights bargained for. The arbiter did not make, nor was he authorized to make any ruling on this issue. The seniority issue is presented to this court de novo and nothing in the prior arbitration can bar or decrease the court’s jurisdiction to decide the question raised. By virtue of initiating arbitration, petitioner has not “ elected his remedy ” so as to preclude judicial review of the board’s determination. (Matter of Wallace v. MVAIC, 25 N Y 2d 384, 389; Fitzgerald v. Title Guar. & Trust Co., 290 N. Y. 376, 379; see CPLR 3002.)
One other procedural point remains. The board has failed to file an answer to the petition as contemplated under CPLR 7804. This is not necessarily fatal since the court has broad powers which include under appropriate circumstances either directing that an answer be served or granting judgment in favor of the petitioner. (CPLR 7804, subd. [e].) Moreover, since the board has submitted a motion to dismiss, with an affidavit from the Acting Superintendent of Schools, attacking the petition on the merits, it has answered in substance. (Of. CPLR 105, subd. [q].) There is sufficient basis for determining the board’s position on the merits, since no factual dispute is presented in the submissions. (See Matter of Board of Educ. of City School List, of City of Mount Vernon v. Allen, 32 A D 2d 985.)
B. AN “ ABOLISHED ” TEACHER’s SENIORITY RIGHTS
Mr. Dreyfuss’s job was discontinued and he was offered only a “ four-tenths ” part-time position. Mr. Kerman was continued as a full-time French teacher.
*706 Section 2510 of the Education Law determines the procedure to be followed when a school category is abolished.
‘ ‘ § 2510. Abolition of office or position. * * * 2. Whenever a board of education abolishes a position under this chapter, the services of the teacher having the least seniority in the system within the tenure of the position abolished shall be discontinued.”
Section 2510 is applicable to all types of school districts, including union free school districts, notwithstanding its placement in article 51 of the Education Law, entitled City School Districts ”. (Matter of Baron v. Mackreth, 30 A D 2d 810, affd, 26 N Y 2d 1039; Matter of Beers, 11 Ed. Dept. Rep. 120, Commissioner’s Decision No. 8375 [Oct. 12,1971].)
The board does not in any way impugn Mr. Dreyfuss’s value as a teacher, and does not contest that the two foreign language teachers, Mr. Dreyfiiss and Mr. Kerman, are within the tenure of the position ” abolished. Its sole argument is that Mr. Kerman has equal or greater seniority rights because (1) he was offered a position on May 10, 1967 for employment beginning September 1, 1967, which was accepted on May 13, 1967, both offer and acceptance dates being ahead of the offer made to Mr. Dreyfuss; and (2) Mr. Kerman’s leave of absence for fellowship work in Greece is legitimate time countable towards tenure.
Tenure is established by the duration of actual employment by and service to a school district. The offer of a job and its acceptance may come months, even years before employment begins and does not start the “ tenure meter ” running. What should trigger the mechanism is the first date of actual service. The time between an offer, its acceptance and actual start of work is essentially irrelevant to tenure computation. Accordingly, both Mr. Dreyfuss’s and Mr. Kerman’s tenures began running on September 1,1967.
Turning then to the board’s second contention, the court finds that Mr. Kerman’s year abroad attending school at the University of Athens, however commendable to him in terms of experience and learning, is not validly includable in computing his tenure time. In no way was he in the board’s employ during that period. He had no responsibilities to the school, it was not a sabbatical leave, and he was not paid. . He was simply given time off with the presumable right to return.
Tenure and seniority are methods of recognizing the value of a teacher’s continuous employment services and of offering joh security and rights in return for a teacher’s time and energy invested in a particular district. (Matter of Ducey, 65 N. Y. St. *707 Dept. Rep. 65; cf. Matter of Doering v. Hinrichs, 289 N. Y. 29.) The Superintendent is perhaps inadvertently correct in his statement that he believes a leave of absence “ does not and should not affect his seniority position ”. Correct, it does not add or subtract tenure time .to that already established when the leave began. Not counting that year abroad, Mr. Kerman has four years accumulated.
o. CONCLUSION
The right of the board to abolish a position as part of a good faith reorganization plan is subject to the recognition of seniority rights. (Matter of Siniapkin v. Nyquist, 68 Misc 2d 214; 52 N. Y. Jur., Schools, Colleges, etc., § 359.) Mr. Dreyfuss, with five years of service in the foreign language area, has greater seniority rights than Mr. Kerman with only four. The board, in discontinuing Mr. Dreyfuss’s services and in hiring Mr. Kerman full time for the 1972-1973 year, disregarded section 2510 of the Education Law’s directive to discontinue “.the teacher having the least seniority in the system within the tenure of the position ”.
Accordingly, the petition is granted and the motion to dismiss is denied. Respondents are directed to reinstate petitioner to the full-time position in the foreign language department, retroactive to the beginning of the 1972-1973 school year.