A. Franklin Mahoney, J.
Respondent, Mortimer Greenhouse, on June 10, 1966, was appointed as a senior high school mathematics teacher by the Board of Education of Union Free School District No. 4 of the Town of Babylon, Suffolk County, Lindenhurst, New York. The appointment was for a probationary period of three years, commencing September 1, 1966. Respondent Greenhouse served in that capacity until September 1,1968 when, at his request, he was transferred from the mathemathics department to the social studies department. He continued teaching social studies until March 4, 1971 when he was notified by the school principal that his services would be terminated as of June 30, 1971. The notification of termination was formally confirmed by the Board of Education of Union Free School District on May 19, 1971, effective June 30, 1971. On July 15, 1971 respondent Greenhouse appealed to the Commissioner of Education who, on October 8, 1971, sustained the appeal, holding that Greenhouse had gained tenure in the high school tenure area and could only be removed for cause.
Petitioner now seeks to annul that determination by article 78 review.
To obtain judicial review of a decision of the Commissioner made pursuant to section 310 of the Education Law the movant must sustain the heavy burden of proving such decision to be “ purely arbitrary ” (Matter of Board of Educ. of City of N. Y. v. Allen, 6 N Y 2d 127, 136). This maxim has been sustained by our courts over such a length of time that no new supportive language is required. If the decision of the Commissioner is supported by the regulations of the Commissioner of Education and not in direct conflict with the law as enunciated by the Court of Appeals, it must be sustained.
This case concerns itself not with the right of a local school district to define tenure in terms of subject matter rather than area but, rather, with the absolute right of a school district to define tenure in a manner it conceives to be better for its own purposes. The concept of tenure was defined by the Court of Appeals in Matter of Becker v. Board of Educ. of Middleburgh Cent. School Dist. (9 N Y 2d 111) and restated in Matter of Van Heusen v. Board of Educ. of City School Dist. of City of Schenectady (26 A D 2d 721, 722) as follows: “ ‘ Area tenure ’ is descriptive of tenure at certain grade levels, e.g., elementary, secondary, kindergarten, industrial arts, etc., and also to certain specified subjects including ‘ physical education, music, art and vocational subjects.’ Apart from these specified subjects, tenure is not available according to course subjects, but is only *958 descriptive of grade level.” It follows, therefore, that the prevailing rule of tenure is that of area, albeit, the Commissioner may depart from the general rule and permit local deviations from the concept of area in specialized fields if he determines such a departure to be in the interests of the local school district (Matter of Trani, 1 Ed. Dept. Rep., 184; Matter of Harding, 10 Ed. Dept. Rep.-; Matter of Baer, 10 Ed. Dept. Rep.-).
In this case the Commissioner failed to find any singular reason compelling enough to justify petitioner’s decision to tenure on the basis of subject matter. Accordingly, he found respondent Greenhouse to have served beyond the probationary period of three years in the high school tenure area and could not, therefore, be removed except upon grounds relating to removal of tenured teachers.
It cannot be said that the Commissioner’s decision is “ purely arbitrary ” or so freighted with illegality or capriciousness as to require reversal.
The petition is dismissed.