John T. Casey, J.
On September 1, 1961 the petitioner was appointed a teacher of business education subjects in the Union Free School District No. 5 of the Towns of Mount Pleasant, North Castle and Greenburgh. He attained tenure in September, 1964 and remained in position until June, 1971, performing full-time teaching duties in each of the following subjects: Commercial Law, Introduction to Business, Bookkeeping I, Retailing I, and Business Arithmetic. Prior to September 1, 1971 the petitioner was informed that effective that date his full-time position would terminate and that his position would be converted to part time. He was offered and took the part-time position under protest and was assigned and taught one class each in Commercial Law, Introduction to Business, and Bookkeeping I. The course in Business Arithmetic was given to and taught by a teacher without certification in the business and commercial area but certified in secondary mathematics, and the petitioner complains that of the five typing classes at Valhalla High School for the 1970-1971 school year, at least one class was taught by another teacher with less seniority than he, and that the petitioner’s rights were violated in not having been offered or asked to teach a typing course.
Significantly the petitioner does not claim that he was capable of or competent to teach typing. But, in any event, he appealed to the Education Commissioner the respondent board’s decision which abolished his full-time position.
The Commissioner dismissed his appeal, on the grounds that the respondent board had created two separate areas within the special tenure area of business education; that the courses which had been eliminated fell within the petitioner’s tenure area; that the petitioner’s position was the sole position within his tenure area and that the creation of two separate special tenure areas within the three-member business education department at Valhalla High School and the subsequent abolition of the petitioner’s position were not arbitrary or capricious acts.
*437 While this court cannot accept in full the reasons on which the Commissioner bottomed his decision, nevertheless, that deciion was proper here and the petition must, therefore, be dismissed.
My previous decision in Matter of Baer v. Nyquist (71 Misc 2d 471), which the attorney for the Commissioner cited in his brief, is not to the contrary, nor would it compel a different result. The holding in Baer is simply that a teacher qualified to teach Science and who had done so for a full school year and who transfers from Science to the teaching of Social Studies which he is also admittedy qualified to teach, and does so for two and one-half years, and who does not, therefore, have sufficient probationary time to acquire tenure if only the time spent teaching Social Studies is credited, cannot be denied tenure on the grounds that the tenure areas of Science and Social Studies are different, and a decision that so holds is purely arbitrary. Baer holds in accordance with the decision of the Appellate Division, Third Department, in Matter of Van Heusen v. Board of Educ. of City School Dist. of City of Schenectady (26 A D 2d 721, 722) that “ apart from these specified subjects [such as physical education, music, art and vocational subjects], tenure is not available according to course subjects, but is only descriptive of grade level ”, elementary, secondary, etc.
This court believes that Van Heusen and Baer still state sound legal principles. Otherwise, the concept of tenure will become a shambles and teachers could be transferred from subject to subject every two years and never gain tenure within an elementary or secondary school. Baer does not hold, however, that a teacher, although tenured, but who is unqualified to teach a particular subject, must be offered that subject to teach in preference to a nontenured teacher qualified to teach that particular subject. A tenured school teacher, for example, who has taught Latin at the secondary level for 10 years but who is unqualified to teach Mathematics at the secondary level would not be permitted, if Latin were abolished, to replace a qualified though untenured Mathematics teacher.
Tenure can only replace nontenure when the qualifications of both to teach a particular subject are not disputed. The decision in the instant controversy should not be made to hinge on tenure by subject on which the Commissioner based his determination. If tenure by subject is permitted then a teacher who has attained tenure in Mathematics and has taught it for 10 years and is qualified but who is also qualified to teach Science at the same level would not have his tenure recognized in Science, and if transferred to the Science Department for budgetary or other *438 reasons would have no preference over a nontenured but qualified Science teacher. To permit this possibility is to unduly fractionize the tenure area concept.
In this proceeding there is no doubt that the duties of the petitioner can be curtailed or abolished if done in good faith. This was what was done. The subjects that were taught by the petitioner prior to June, 1971 were curtailed to a point that made the petitioner’s position part time and because of his tenure he was given that part-time position. Therefore, the petitioner has no reason to complain that in converting his position to part time it was given to a nontenured or lesser tenured employee as was the case in Matter of Siniapkin v. Nyquist (68 Misc 2d 214). Nor has fie any reason to complain that, when his full-time duties were curtailed by abolishing certain subjects, these duties were not continued full time by replacing the abolished subjects with subjects that the petitioner was not qualified to teach, such as typing and shorthand.
As to the fact that another teacher without certification was given the Business Arithmetic course that the petitioner formerly taught, the petitioner still has no complaint since there is no showing that, had he been given that subject to teach, it would have made tfie part-time position he now holds a full-time one.
Since no nontenured or junior-tenured teacher received preference over the petitioner, his tenure has not been affected, and the Commissioner’s determination to dismiss his appeal must be sustained but for the reasons stated herein.
Petition dismissed. Submit judgment.