In the Matter of LAWRENCE H. SILVER, Appellant, v. BOARD OF EDUCATION OF WEST CANADA VALLEY CENTRAL SCHOOL DISTRICT, NEWPORT, Respondent.

Fourth Department, January 9, 1975.

428

*Bernard F. Ashe (James R. Sandner* of counsel), for appellant.
*Philip D. O'Donnell* for respondent.

WITMER, J. P. The question presented on this appeal is whether petitioner, a social studies teacher in respondent central school, was improperly discharged. The case was submitted to Special Term on the pleadings and supporting exhibits and affidavit; and there appears to be no question concerning the facts upon which it arises. Respondent Board of Education of West Canada Valley Central School District (Board) appointed petitioner as a teacher in its central school on February 3, 1969. The notice of appointment provided that he was appointed as a social studies teacher for a probationary period of four years beginning therewith. Under the heading "Service Area" on the notice of appointment the Board inserted "Acad.", presumably meaning "Academic". Petitioner continued to teach under this appointment through June, 1973, and thus gained his tenure status in February, 1973 through acquiescence of the Board (*Matter of McCarthy* v. *Board of Educ. of Union Free School Dist. No. 3, Town of Huntington,* 73 Misc 2d 225, 230, affd. 43 A D 2d 815).

Under date of June 26, 1973 the Board mailed to petitioner a letter which was dated April 19, 1973, and the Board stated that through inadvertence the enclosed letter was not mailed to petitioner when dated. The first paragraph of the letter of April 19 is as follows: "Due to financial circumstances which I discussed with you earlier this week, we find it necessary to eliminate one teaching position in the high school Social Studies Department, and inasmuch as you were the last person engaged in this department, there would be no position for you next fall."

Petitioner negotiated with the Board during the summer of 1973 in an effort to have his employment continued, and indeed he appeared at the school in September of that year and requested assignment; but the Board insisted that his employ-

ment was definitely terminated. Petitioner then began this article 78 proceeding to review such action by the respondent Board.

Petitioner alleged that the Board did not act in good faith in abolishing his position in that it failed to accord to him his seniority status as a tenured teacher and acted in a manner designed to circumvent his tenure rights. The Board denied this and alleged that petitioner was not continued in another teaching position because he was only certified as a social studies teacher and thus only had tenure as such, and there was no other position available for him. In his reply, petitioner alleged that he is able to teach English and library science, in which areas there were vacancies, and that he had assured the Board that, if appointed to teach either of such subjects, he would become certified to teach them. He further alleged that there are five teachers in the secondary tenure area in which he is tenured who are junior to him in terms of seniority, and that the Board illegally discharged him.

Special Term held that although petitioner has tenure he was only certified as a social studies teacher and that in the absence of proof by petitioner that he is qualified to teach other subjects he is presumed to be incompetent in them. The court held that there is no question of fact about the abolition of petitioner's position and that in the absence of proof of petitioner's ability to teach other subjects there is no requirement for a hearing.

From the Board's letter of April 19, 1973 to petitioner, above quoted in part, it appears that it was proceeding under subdivision 2 of section 2510 of the Education Law, which provides as follows: "Whenever a board of education abolishes a position under this chapter, the services of the teacher having the least seniority in the system within the tenure of the position abolished shall be discontinued." The Board wrote to petitioner that, "inasmuch as you were the last person engaged in this department, there would be no position for you next fall."

Central school districts, of which respondent is one, were established under article 37 of the Education Law (§§ 1801–1809). Subdivision 1 of section 1804 contains the following sentence, "Except as provided in this article, all the provisions of this chapter or of any other general law relating to or affecting union free school districts shall apply to central districts organized as herein provided." Union free school districts were established under article 35 of the Education Law (§§ 1701–1737). Section 1709 thereof provides in pertinent part:

" The said board of education of every union free school district shall have power, and it shall be its duty: * * *

" 16. To contract with and employ such persons as by the provisions of this chapter are qualified teachers, to determine the number of teachers to be employed in the several departments of instruction in said school, and at the time of such employment, to make and deliver to each teacher a written contract as required by section three thousand eleven of this chapter, except as otherwise provided by sections three thousand twelve and three thousand thirteen ".

Section 3011 of the Education Law, referred to in subdivision 16 above, provides in its subdivision 1 that on employing a teacher the board must deliver to him a written contract stating the length of the term, etc. Subdivision 2 of section 3012, referred to in subdivision 16 above, contains tenure provisions for teachers in such schools. Specific reference to section 2510 of the Education Law does not appear to have been made in the sections incorporating into the central school district law the principal operating provisions of the Education Law for other schools. Nevertheless, the Commissioner of Education has said that section 2510 " has been interpreted to apply to school districts generally " (*Matter of Siniapkin*, 12 Ed. Dept. Rep. 134, 135 [1973]; accord, *Matter of Chaltas*, 12 Ed. Dept. Rep. 185; *Matter of Popnick*, 12 Ed. Dept. Rep. 255, 258) and the courts have made a similar interpretation (*Matter of Young* v. *Board of Educ. of Cent. School Dist. No. 6, Town of Huntington*, 35 N Y 2d 31; *Matter of Lynch* v. *Nyquist*, 41 A D 2d 363, affd. on opinion by Justice Cooke at App. Div., 34 N Y 2d 588; *Matter of Baron* v. *Mackreth*, 30 A D 2d 810, affd. 26 N Y 2d 1039). There can be no doubt that the Legislature intended the provisions of section 2510 to be read together with the provisions of section 3012 in connection with central school district teachers as well as teachers of other large public schools of the State. To hold otherwise would be to place central school district teachers at a great disadvantage, tenure-wise, in relation to other public school teachers in the State. In this connection, the practical and reasonable construction of the Education Law by the commissioner as shown above is entitled to great weight (see *Saxbe* v. *Bustos*, 419 U. S. 65; *Matter of Lezette* v. *Board of Educ., Hudson City School Dist.*, 35 N Y 2d 272, 281). We conclude, therefore, that subdivision 2 of section 2510 of the Education Law applies to petitioner in this case, as assumed by respondent Board.

As a tenured teacher, petitioner could not be discharged from employment if the Board had another teaching position in his tenure area which was vacant or filled by a teacher junior to him in seniority. This presents the question of the extent of petitioner's tenure area.

Petitioner was appointed as a social studies teacher in the academic area. The Commissioner of Education has defined academic subjects as follows (8 N.Y.C.R.R. 80.1 [a] [1]): "*Academic subject* means one of the following subjects offered in secondary schools: English, the foreign languages, mathematics, the sciences * * * and citizenship education (civics * * * political science, sociology) and such other similar subjects." In *Matter of Fitzgibbons* (8 Ed. Dept. Rep. 205, 206) the commissioner wrote, "It is axiomatic that tenure adheres to a particular area of instruction and encompasses all subjects within such area. ' Area tenure ' is descriptive of tenure at certain grade levels, such as elementary, secondary and kindergarten levels, and also of certain specified subjects, including physical education, music, art and vocational subjects. Apart from these specified subjects, tenure is not granted on the basis of course subjects but is only descriptive of grade level ". In *Matter of Ducey* (65 N. Y. St. Dept. Rep. 65) the Commissioner of Education wrote, " ' Within the tenure of the position abolished ' has a specific and technical meaning as used in this statute. * * * As was said in the *Matter of King,* 49 State Dept. Rep. 388, teachers secure tenure in the particular classification to which they are appointed, for instance, as an elementary teacher, high school teacher, assistant to principal, principal, etc."

It is clear from the foregoing that petitioner's tenure was in the level of secondary teachers. The Board does not deny that it had five teachers in such area who were junior to him, and one of them had been appointed after petitioner was discharged. The Board's only contention is that petitioner was not certified to teach English or library science, which positions were held by those junior to him, and that they were better trained than petitioner in these specific subjects which they were teaching. But that is not the controlling criterion within the scheme of the statute. To prevent the use of favoritism and personal preference in the retention of teachers, the statutes are designed to protect tenured teachers within their respective areas, in the order of their seniority, from dismissal without regard for the comparative abilities of the teachers. To enable it to maintain a high level of ability in its staff of teachers within the above

rule the Board must be alert to the capabilities of its teachers during their probationary periods and determine then whether to retain or release them. It cannot thereafter change the employment rules and eliminate a teacher whom it deems less capable than a junior teacher or does not like, without following the usual statutory procedures. Any change in the method of determining area of tenure and employment must be prospective and made according to standards established by the Legislature or the Board of Regents (*Matter of Baer* v. *Nyquist*, 34 N Y 2d 291).

The answer to the Board's contention that petitioner is only entitled to teach a subject for which he has been duly certified and that he is entitled to be retained only if the Board has a vacancy for teaching in that subject, is contained in *Matter of Lynch* v. *Nyquist* (41 A D 2d 363, affd. on opn. at App. Div., 34 N Y 2d 588, *supra*). Therein Justice Cooke wrote (p. 365), " Certification requirements, however, may not be employed to erode the protections afforded tenured teachers, since the tenure statutes provide the exclusive method for dismissal for those teachers (*Matter of Kobylski* v. *Agone*, 37 Misc 2d 255, affd. 19 A D 2d 761). The board cannot circumvent this rule by following the procedure employed herein. The only two courses of action open to it were to discontinue the services of the teacher having the least seniority within the tenure of the position abolished, pursuant to subdivision 2 of section 2510 of the Education Law, or to discontinue petitioner's services for legal incompetence due to lack of certification by following the procedure mandated by the tenure statutes, including the granting of a hearing, pursuant to sections 3012 and 3020-a of the Education Law ".

The judgment should, therefore, be reversed and the petition granted; the determination of the Board terminating petitioner's employment should be vacated and petitioner should be reinstated as of September, 1973, together with back pay and associated rights and benefits, less such compensation as he has earned, except for summer work, since September 1, 1973 (see *Matter of Lezette* v. *Board of Educ., Hudson City School Dist.*, 35 N Y 2d 272, 283, *supra*).

MOULE, CARDAMONE, SIMONS and DEL VECCHIO, JJ., concur.

Judgment unanimously reversed with costs and petition granted in accordance with opinion by WITMER, J. P.