Harold J. Hughes, J.
This is a proceeding pursuant to CPLR article 78 to review a determination of the Acting Commissioner of Education. Petitioner also seeks additional relief solely against the respondent board of education for alleged violations of the Education Law (§ 2510, subd 3).
On June 29, 1970 petitioner was appointed by the board of education to the position of administrative assistant-instruction effective July 1, 1970. On June 21, 1971 the board appointed petitioner assistant superintendent for business commencing July 15, 1971. In August, 1973 the board met and terminated petitioner’s services effective October 12, 1973. New positions of business manager and purchasing agent were established to assume some of the duties performed by the assistant superintendent for business.
The petitioner appealed to the Commissioner of Education alleging that he gained tenure by estoppel as of June 29, 1973. That allegation was based upon petitioner’s contention that he continually served in the same tenure area since his original employment of July 1, 1970. The acting commissioner dismissed his appeal upon the ground that petitioner had not served continuously for more than a three-year period in the same position or in positions with substantially similar duties over such period.
In the present proceeding, the petitioner contends that the commissioner’s determination was erroneous and in violation of the tenure statutes of the Education Law. He asserts that his appointment to the position of assistant superintendent for business did not commence a new probationary period inasmuch as that position was within the same tenure area as his former position. With these contentions, the court agrees.
The commissioner argues that there is ample evidence to support his finding that the two positions constitute separate and distinct tenure areas. In his decision, the commissioner concluded that, since more than 50% of petitioner’s time as assistant superintendent for business was spent in duties other than those performed by him as administrative assistant-instruction, petitioner entered into what would have been a new tenure area but for the laws which eliminated tenure for supervising personnel appointed after May 9, 1971. The *534 commissioner contends that the "50 per cent” test of similarity of duties is reasonable and has been consistently followed by the commissioner.
It seems clear, however, that the courts have taken a different view. The issue of whether a person has been employed within a tenure area does not necessarily depend on duty assignments. Thus, it has been held that a tenured mathematics teacher may properly be assigned to full time study hall supervision since his tenure was that of "secondary school teacher” (Matter of Van Heusen v Board of Educ. of City School Dist. of City of Schenectady, 26 AD2d 721). The court pointed out that generally speaking, "area tenure” is descriptive of tenure at certain grade levels. Thus, the test of tenure area for teachers is not whether the teacher performed the same or similar duties in the two positions within an alleged tenure area, but whether their positions are at the same grade level (see Matter of Silver v Board of Educ. of West Canada Val. Cent. School Dist., 46 AD2d 427; Matter of McCarthy v Board of Educ. of Union Free School Dist., No. 3, Town of Huntington, 73 Misc 2d 225; Matter of Mann v Nyquist, 71 Misc 2d 435).
Indeed, when the issue was whether a petitioner was illegally transferred to a position outside of his tenure area, the commissioner has recently failed to apply the "50 per cent” test and has upheld the board of education’s transfer even though the petitioner’s duties in his new position were different from those of his former position (see Matter of Angelos, — Educ Dept Rep — [1975]). In that case the petitioner had been an elementary building principal and was transferred to the position of elementary administrator for instructional materials. In upholding the action of the board, the commissioner stated that although the duties of the new position were not coextensive with those currently performed by building principals, his new duties were "supervisory in nature” and were duties which could have been given to petitioner had he remained a building principal.
The test in the present case is not whether the petitioner performed the same or similar duties as assistant superintendent for business that he performed as administrative assistant-instruction, but whether these positions are within the same category or at the same general level. Upon review of the types of duties that petitioner performed in these positions, *535 the court finds that the positions are in the same category or level and, thus, are within the same "tenure area”.
While it would be advantageous to formulate a more objective test of "tenure area” as applied to supervisory personnel, it is difficult to do so. However, another formulation of the test may be stated if the general purpose of the tenure statutes is considered — the determination of competency. Thus, if two different positions generally require the same skills and experience, the two positions may be said to be within the same tenure area.
Further support for this court’s determination may be found in Matter of Baer v Nyquist (34 NY2d 291). In that case, the central issue was whether the commissioner was acting within his traditional power in retrospectively approving a local school board’s designation of secondary school science as a tenure area distinct from secondary school social studies. The court held that to the extent that decentralized formulation of tenure area, free of controlling propounded standards, undermines the purpose of the tenure statutes, the "unruly practice” is beyond the commissioner’s power to ratify. As has been pointed out in a comprehensive article on the subject, the issue which the court decided in Baer (supra) was based largely on considerations of notice (see Courts or Commissioner — Who Governs Tenure?, 39 Albany L Rev, 336, 346). The petitioner in Baer (supra) had been given oral notice by his school principal that the change in department assignment made him subject to a new three-year probationary period, but the alleged change in his probationary status was not reflected in the board’s minutes by resolution or otherwise.
In the present case, the evidence shows that petitioner was not notified that he was entering a new tenure area or commencing a new probationary period when he accepted the position of assistant superintendent for business. The board minutes reflecting this new assignment made no mention of a new probationary appointment. The superintendent of schools during the period in question who recommended petitioner’s appointment stated in an affidavit that he had no recollection of ever telling petitioner that he was entering a new tenure area or level when his title was changed; nor do any records indicate that petitioner was so informed. In fact it was the superintendent’s opinion that petitioner was not moving into a new level or tenure area.
The court in Baer (34 NY2d 291, supra) was even more *536 concerned with the lack of notice due to the ad hoc retrospective approval of tenure areas than it was with lack of personal notice to a teacher. Thus, it concluded that vertical tenure areas are not necessarily unwise policy or precluded by statute, but only that they must be carefully implemented prospectively by the Board of Regents or the Legislature. It seems clear that the commissioner’s determination in the present case sanctions a practice which was expressly condemned by the Court of Appeals.
For the foregoing reasons, the determination of the commissioner should be annulled and petitioner should be granted judgment that he is entitled to tenure as an assistant superintendent effective June 29,1973.
In paragraph 9 of the petition, petitioner alleges that in May, 1974, during the pendency of the proceedings before the commissioner, a new position was created by the board of education of assistant superintendent for administrative services which is a position substantially the same as petitioner’s previous position of assistant superintendent for business. Petitioner contends that under subdivision 3 of section 2510 of the Education Law, he is entitled to be appointed assistant superintendent for administrative services nunc pro tunc as of May, 1974. Subdivision 3 of section 2510 provides: "If an office or position is abolished or if it is consolidated with another position without creating a new position, the person filling such position at the time of its abolishment or consolidation shall be placed upon a preferred eligible list of candidates for appointment to a vacancy that then exists or that may thereafter occur in an office or position similar to the one which such person filled without reduction in salary or increment, provided the record of such person has been one of faithful competent service in the office or position he has filled. The persons on such preferred list shall be reinstated or appointed to such vacancies in such corresponding or similar positions in the order of their length of service in the system at any time within four years from the date of abolition or consolidation of such office or position.”
In his answer the acting commissioner states that the allegations set forth in paragraph 9 of the petition concern matters not presented to him and, therefore, may not be considered in this article 78 proceeding. The answer of the board of education has denied the allegations contained in paragraph 9.
*537 The Court of Appeals has recently held that a petitioner alleging violations of section 2510 of the Education Law need not seek review before the Commissioner of Education but may directly resort to the courts (see Matter of Lezette v Board of Educ., Hudson City School Dist., 35 NY2d 272, 278). Thus, the issue of whether the board of education has failed to comply with that statute is properly raised in this proceeding.
If the allegations in paragraph 9 are true, then it would appear that petitioner, in addition to the other relief to which he is entitled, should be appointed assistant superintendent for administrative service nunc pro tunc as of the date that position was to be filled. However, since the board of education has denied those allegations contained in paragraph 9, the issues of fact raised by the denial must be tried forthwith (CPLR 7804, subd [h]).
Accordingly, the petition is granted to the extent that the determination of the Acting Commissioner of Education is annulled and petitioner shall be granted judgment that he is entitled to tenure as an assistant superintendent in the respondent school district as of June 29, 1973. The matter shall be transferred to Part I, Trial Term, of Supreme Court, Albany County, for trial of the issues raised in paragraph 9 of the petition and determination shall be made upon the issue of whether petitioner is entitled to be appointed assistant superintendent for administrative services nunc pro tunc. Petitioner’s entitlement to back salary and the amount thereof shall also be determined by the trial court.
The petition is granted to the extent indicated herein, without costs.