Leon D. Lazer
The currrent controversy over the applicability of "horizontal” or "vertical” tenure concepts to particular segments of the elementary and secondary educational curriculum is continued in this CPLR article 78 proceeding instituted by a teacher whose discharge is sought by the respondent Board of Education of the Commack Union Free School District (the "Board”). The petitioner contends that she acquired tenure during her four years of service with the district and that the Board’s policy of shifting her assignments annually now estops it from denying the existence of that tenure. She seeks judgment directing the Board to afford her a tenure hearing under section 3020-a of the Education Law prior to her discharge and for ancillary relief if it be determined that she is without tenure.
Petitioner was appointed as a librarian by the Board on September 2, 1971, but on April 13, 1972 she was informed in writing by the personnel director that staff needs would not permit her retention beyond June 30, 1972. Despite this termination notice, on June 14, 1972 the director offered the *301 petitioner — and she accepted — "continuing employment” as an elementary school, teacher. On April 24, 1974, the director again notified petitioner that current staffing needs would not permit the continuance of her employment in the "present position” beyond June 30, 1974 but on June 7, 1974, he offered her, and she again accepted, "continued employment” as a social studies teacher at the high school. On October 23, 1974, petitioner requested, and subsequently was granted, a return to elementary school teaching at which duties she completed the school year. At the end of the 1975 school year a request by petitioner for reassignment to the high school was granted.
On October 7, 1975 the superintendent of schools wrote the petitioner that he would recommend to the Board at its November 6, 1975 meeting that her services be terminated. Although she was suspended with pay from all teaching duties for the period October 15, 1975 to November 6, 1975, the Board’s contemplated action has been stayed by order of this court pending resolution of this proceeding.
In summary, petitioner’s services to the district have been as follows: (A) elementary school librarian, September 1971 through June, 1972; (B) elementary school teacher (sixth grade), September, 1972 through June, 1973; (C) elementary school librarian, September, 1973 through June, 1974; (D) high school social studies teacher, September, 1974 through the third week of October, 1974; (E) elementary school teacher (sixth grade), October, 1974 through June, 1975; (F) high school social studies teacher, September, 1975 through October 15, 1975.
Petitioner’s record shows that she has served at the elementary school level for almost four academic years and on the basis of such service she now claims that upon completion of her third continuous year at that level in September of 1974 she acquired tenure. The Board’s response is that petitioner never acquired tenure because she was moved between "the separate and distinct tenure areas” of librarian, elementary school teacher and secondary school teacher as a result of which she never taught in one tenure area for the statutory three-year probationary period. Determination as to which of these contentions is correct depends upon whether the position of librarian can be constituted a separate and distinct vertical tenure area, or whether, as petitioner asserts, elementary school classroom teacher and elementary school librarian are in the same horizontal or grade level tenure area.
*302 This litigation must be resolved in the light of the opinion of the Court of Appeals in Matter of Baer v Nyquist (34 NY2d 291) which affirmed lower court nullification of a determination of the Commissioner of Education approving a vertical tenure classification informally adopted by the Massapequa Board of Education which provided for tenure areas at the junior high school level according to academic subjects. Noting that the commissioner never before had recognized the existence of a vertical tenure area in the "traditional curricula,” it was the court’s view that the commissioner should define tenure areas by prospective rule making rather than by ad hoc retrospective approval of local district tenure experimentation. According to the court, absent such prospective rule making, the commissioner’s role in the traditional curricula is limited to approving "area” tenure schemes since "It is axiomatic that tenure adheres to a particular area of instruction and encompasses all subjects within such area. 'Area tenure’ is descriptive of tenure at certain grade levels, such as elementary, secondary and kindergarten levels, and also of certain specified subjects, including physical education, music, art and vocational subjects. Apart from these specified subjects, tenure is not granted on the basis of course subjects but is only descriptive of grade level (Matter of Van Heusen v. Board of Education; Matter of Becker v. Board of Education [citations omitted]).” (34 NY2d 291, 296, n 1, supra; see also Matter of Pickersgill, 14 Ed Dept Rep 267; Matter of Fitzgibbons, 8 Ed Dept Rep 205; Matter of Cuff, 9 Ed Dept Rep 101.)
Although the Court of Appeals has not expanded upon its Baer definition of the "certain specified subjects” which are susceptible to vertical tenure classification, the similarity between the subjects so specified and those defined by the commissioner as "special subjects” for certification purposes is more than coincidental. According to the commissioner’s regulations (8 NYCRR 80.1 [30]), special subjects for certification are "art, business and distributive education (general), home economics (general), health, industrial arts, music, physical education, recreation and speech.” Except for vocational subjects, the "specified subjects” set forth in Baer are to be found among the commissioner’s "special subjects,” and it is notable that neither list includes the term "library.” Nevertheless, the Board relies upon the fact that at an earlier time the Commissioner of Education had included library in his definition of "special subjects” in connection with teacher certification and *303 upon Matter of Milton (12 Ed Dept Rep 149) where he treated "library” as a special subject tenure area (although that question was not the issue in the case). In any event, Matter of Milton ultimately was reversed in Milton v. Nyquist (Sup Ct, Albany County, Index No. 4079/73 [Bruhn, J., July 9, 1973]), on grounds unrelated to the instant issue and on April 30, 1970, over a year before the petitioner’s appointment, the commissioner deleted "library” from a broader definition of special subjects which had existed until that time (see former 8 NYCRR 80.1 [27]).
While it is true that "library” is not included in the commissioner’s definition of academic subjects (8 NYCRR 80.1 [1]) or in the definition of common-branch subjects taught at the elementary level (8 NYCRR 80.1 [7]), his regulations do provide for the establishment of a school library in each elementary and secondary school which "shall meet the needs of the pupils, and shall provide an adequate complement to the instructional program in the various areas of the curriculum” (8 NYCRR 91.1). Clearly, "library” has a far more intimate and integral relationship to the academic curriculum than do the vocational, artistic or occasional subjects denoted as "specified subjects” by the Court of Appeals (see Matter of McCarthy v Board of Educ. of Union Free School Dist, Town of Huntington, 73 Misc 2d 225, affd 43 AD2d 815) and in the instant case, the "complement” included actual classroom instruction by the petitioner.
Matter of Baer v Nyquist (supra) has been construed as mandating area tenure in a wide variety of situations. In Matter Mitchell v Board of Educ. of Great Neck Public Schools (48 AD2d 835) it was relied upon by the Second Department for the proposition that the secondary school tenure area encompasses both Latin and driver education and in Matter of Silver v Board of Educ. of West Canada Val. Cent. School Dist., (46 AD2d 427) it was the authority for a similar determination by the Fourth Department relative to social studies, English and library science. Despite the commissioner’s opinion that guidance counselors may be classified vertically for tenure purposes (see Matter of Glowacki, 14 Ed Dept Rep 122, affd Glowacki v Ambach, Sup Ct, Albany County, Index No. 4678/75 [Gibson, J., April 1, 1975]), in Steele v Board of Educ. of City of N.Y. (Sup Ct, Kings County, Index No. 19445/75 [Dec 22, 1975]), Baer was the foundation for Mr. Justice Pino’s holding that a school system may not *304 establish a separate tenure area for elementary school guidance counselors. Baer has been interpreted as a rejection of the theory that the test is whether a teacher performed the same or similar duties in two positions within an alleged tenure area and as an affirmation of grade level tenure concepts (see Coates v Ambach, 82 Mise 2d 532) except as applicable to the specifically enumerated "certain specified subjects.”
The Board of Regents responded to Baer by promulgating a series of prospective tenure rules effective August, 1975 (8 NYCRR Part 30) which formalized the grade level tenure concept and added a vertical tenure area for listed special subjects (including ancillary education services such as "school library and media specialist”). However, disputes relative to tenure which allegedly pre-existed the new rules cannot be resolved by resort to them and must be determined in conformity with the precepts set forth in Baer. In the absence of law or at least a well-defined tradition which will support it, neither the Board’s ad hoc retrospective application of a vertical tenure classification to this petitioner’s subject area nor the regents’ prospective rules to the same effect may become a vehicle to obliterate her elementary grade level tenure rights.
As a secondary support to the position she takes in this litigation, petitioner argues that she is the victim of exploitation by the Board. An apparently well-qualified and versatile teacher, she served the district for almost four years during which she taught in all three areas in which she is certified. The fact that on three occasions she was reassigned to teach subjects or grades which she previously had taught is at least some indication that her service in these capacities was not regarded as unsatisfactory. Nevertheless, she never was informed that her various reassignments (which followed notices of dismissal) launched her upon new periods of probation and it is this conduct by the Board which is the basis of her claim of an estoppel running in her favor. As to such behavior by school boards, the Baer court wrote: "Vertical tenure areas of unlimited variation could, moreover, become an instrument of retrenchment in the hands of school boards facing demographic and fiscal crises, enabling them to subvert the purpose of the tenure statutes. The more highly-refined the tenure areas, the more likely that probationary teachers may be *305 shifted among comparable positions for the cynical purpose of exploiting their services while denying them tenure, (see, generally, Lanzarone, Teacher Tenure — Some Proposals for Change, 42 Fordham L. Rev. 526, 544-547, for a discussion of the incentives to manipulate teacher tenure).” (34 NY 291, 297, supra.)
Current rules of the Board of Regents, also issued in response to Baer, provide that where a probationary or tenured teacher is assigned to a different tenure area to which he was not previously appointed, the new assignment must be made as a probationary appointment designating such additional tenure area (8 NYCRR 30.9). But there is even some pre-Baer authority for the proposition that the instant Board never properly terminated any of petitioner’s probationary periods by obtaining a recommendation of the superintendent and acting upon it by resolution as required by subdivision 1 of section 3012 of the Education Law (see Matter of McCarthy v Board of Educ., 73 Misc 2d 225, affd 43 AD2d 815, supra). Tenure may be acquired by acquiescence or estoppel where a teacher continues to teach beyond the probationary period and the board fails to take the full action required by law to grant or deny tenure (Matter of McCarthy v Board of Educ., supra; Matter of Silver v Board of Educ., 46 AD2d 427, supra; see Matter of Nyboe v Allen, 10 Misc 2d 895, affd 7 AD2d 822; Matter of Ginsburg, 13 Ed Dept Rep 5).
Since Baer, the Court of Appeals has re-emphasized the importance of clear and explicit notice to probationary employees relative to their current standing and condition of employment (Matter of Palmer v Merges, 37 NY2d 177). The instant Board’s failure to give the petitioner warning of the potential effect upon her tenure status of each shift in assignment constitutes a glaring illustration of the dangers inherent in ad hoc decentralized tenure experimentation referred to in Baer (see, also, Matter of Becker v Board of Educ. of Middle-burgh Cent. School Dist. No. 1, 9 NY2d 111) and by any rule of fairness it is in no position to invoke vertical tenure precepts against her.
The petition is granted to the extent that the Board is directed to conduct a hearing pursuant to section 3020-a of the Education Law prior to discharging the petitioner.
*306 *