Chief Judge Desmond.
By permission of the Appellate Division, Third Department, petitioner-appellant Frances Becker appeals here from a unanimous order of that court affirming a Special Term order.
This is a mandamus-type article 78 proceeding brought against the Middleburgh Central School District to compel that body to reinstate petitioner as a teacher and to grant her tenure. Respondent’s position, most simply stated, is that petitioner never acquired tenure because, although she was employed by the district as a teacher for about six years, she never taught in one “ area ” or category of subject matter beyond the three-year period which this district validly set as its probationary period. *115 Petitioner’s position, shortly stated for present purposes, is twofold: first, that she got tenure when she taught more than the three-year probationary period even though she moved from one “area” or category to another; and, second, that she actually taught for more than three years in one particular ‘ ‘ area ’ ’ since, after she had taught three years in one 1 ‘ area ’ ’ as an elementary grade teacher, she did some part-time work in remedial reading as part of that same “ area
The statute involved is section 3013 of the Education Law and the really pertinent part therein is subdivision 2 which says that on or before the expiration of a probationary term the district superintendent of schools shall formally recommend to the board for tenure appointment those teachers whose probationary services have been found satisfactory. The subdivision further says that any teacher not recommended for tenure shall have 60 days ’ notice thereof prior to the end of the probationary period and that those teachers who are kept on pursuant to such recommendation after the expiration of the probationary period shall have tenure, which means, of course, that they may be removed on charges only. The respondent argues (and the courts below held) that to earn tenure the teacher must teach more than the prescribed probationary term in the same “ area ” of instruction, and, for support of its argument, relies on a ruling appearing in a pamphlet issued by the State Education Department in 1953. The department’s ruling was that tenure classifications are by areas, meaning that to acquire tenure one must serve more than the probationary period in one particular area. Included in the ruling was this statement: ‘ ‘ After a teacher has acquired tenure he may not be transferred to a position in a different tenure area without his consent. When so transferred the teacher begins a new probationary period in the new area. He does not, however, lose the tenure in the area where he was employed prior to transfer.” The Commissioner of Education has in cases other than petitioner’s applied that same ruling.
As the Special Term opinion in this case points out, there is nothing in the statute itself referring directly to this matter of ‘ ‘ area ’ ’ but, again according to Special Term, the intent of the statute and the common sense of the thing seem to be that tenure results from continuing a teacher in the same kind of teaching job after she has satisfactorily served for the full pro *116 bationary period in that particular category of teaching. Other than the rulings and decisions of the State Commissioner above referred to, there seems to be no controlling authority available for decision of the present appeal.
The facts as to petitioner’s teaching experience are as follows: in 1952 she was appointed an elementary teacher in the schools of this district for a probationary period of three years and at the end of three years was given recommendations for tenure by the appropriate supervisory officials. Respondent board did not, however, act on the recommendations. Instead, in March, 1955, during the original three-year period, the board offered petitioner an appointment as a special or kindergarten teacher (a different “ area ”) for a period to begin in July, 1955, that is, for the school year beginning in the Autumn of 1955. She accepted that position and taught kindergarten classes for two full school years. In the Summer of 1957 she accepted still another kind of appointment, in the high school or secondary department as a teacher of French and Latin, those being subjects on which she had been issued a teaching certificate. This, according to the board, was a new or third “ area ” probationary appointment. Petitioner continued to do this high school teaching during the 1957-58 school year and at the end of that school year (June, 1958) she was informed that she would no longer be employed. During the 1957-58 school year, besides her high school work in French and Latin, she taught remedial reading to eighth grade students for two 40-minute periods per week. The board asserts and Special Term held that the only probationary period she ever completed was the first one — that is, her service for three years beginning in 1952 as a grade school teacher in the elementary department. As to the part-time or remedial reading service, the argument of respondent is that this was an incidental or sideline job and that it could not be the basis of additional probationary credit. We think that latter is correct since it hardly seems reasonable that a teacher can, during a three-year probationary period, get credit for more than three years by doing a little extra work in another field. It is generally significant that each time petitioner was appointed, that is, in 1952,1955 and 1957, her notice of appointment from the board said that the particular appointment was *117 for a probationary period of three years. We agree with petitioner that her acceptance of an appointment so labeled ‘1 probationary ’ ’ would not necessarily amount to a waiver of her statutory rights but there must be some relevance in the fact that she was notified each time that it was a new probationary appointment (which is the antithesis of tenure) and that she never objected until she was dropped from employment. In other words, the offer and acceptance of a new probationary appointment must have meant to an informed person like petitioner that tenure was being denied her at that point. Petitioner argues, however, that since this statutory system is obviously for the benefit of teachers “ waiver ” has no place in the picture at all.
The principal thrust of petitioner’s argument is that, since the statute does not mention “area” in reference to tenure, the school authorities cannot write that concept in and that if a teacher has been allowed to extend her teaching service beyond the- three years she automatically gets tenure. At this point we note a conflict between the brief filed by petitioner and that of the State Teachers Association, as amicus curia, for reversal. Petitioner says there is no such thing as 1‘ area tenures ’ ’. The Association says there are such but that, nevertheless, a teacher allowed to serve beyond the probationary term even in a different area automatically gets tenure. The latter position seems to raise more problems than it solves. It would mean that after a teacher has served more than three years or other valid probationary period (for instance, as a kindergarten teacher) but her services as such have been found to be unsatisfactory or no longer required, the board could not give her a further probationary tryout as a grade school teacher but would have to discharge her.
Petitioner makes an argument from two decisions by the Commissioner in the departmental cases of Feldbauer and Trani. Petitioner’s point is that the Commissioner’s original rulings as to “ tenure areas ” was based on the old division of the public school system into eight years of elementary and four years of secondary school with different salary schedules for each, and that, with the new concept of six years of elementary and six years of high school and with the present equality of salary *118 grades for all teachers, the 11 tenure area ’ ’ idea and ruling has no basis any more. The answer is, we think, that, while the specific divisions into areas may change and have changed, petitioner never had more than three years’ service in any area.
The State Commissioner of Education as amicus curias makes the argument that the phrase ‘ ‘ so appointed to any such positions ” (italics ours) in section 3013 (subd. 1) and the mandating therein of probationary periods necessarily requires for tenure probationary service in one particular teaching position, not a series of different kinds of teaching jobs. The Commissioner points out, also, that the Legislature in 1958 refused to add language providing that “Any service” after appointment shall constitute part of the probationary period. The strongest arguments for affirmance are: first, that modern concepts of education carefully distinguish between teaching competence in various teaching fields rather than hold that 11 all teachers are alike ’ ’; second, that the statute has been for years construed administratively as contemplating ‘ ‘ area tenure ’ ’; and, third, that whatever the possible unfairness to this petitioner from an affirmance, reversal could produce State-wide chaos.
The order should be affirmed, without costs.