■   BERNICE STEELE, Individually and on Behalf of All Others Similarly Situated, Respondent, v BOARD OF EDUCATION OF THE CITY OF NEW YORK, Appellant. In the Matter of PHYLLIS GERSTEIN et al., Respondents-Appellants, v BOARD OF EDUCATION OF THE CITY OF NEW YORK, Appellant-Respondent. In the Matter of MAY FISHER et al., Appellants-Respondents, v BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK, Respondent-Appellant.—These are three proceedings in which the petitioners, *inter alia,* seek reinstatement as employees of the board of education. In the first above-captioned proceeding, the appeal (by permission) is from an order of the Supreme Court, Kings County, entered January 13, 1976, which, *inter alia,* denied the board's motion to dismiss the petition and directed it to establish a new tenure list. In the second and third above-captioned proceedings, the parties therein cross-appeal from two judgments (one in each proceeding) of the same court, dated January 27, 1976, and January 12, 1976, respectively, each of which granted the petition therein "to the extent determined" in the order made in the first above-captioned proceeding, "excepting that portion" of the petitions which sought to man-

date the continued level of guidance counselor service, which portion was denied. Order and judgments affirmed, without costs or disbursements. The time within which the board may serve its answer in the first above-captioned proceeding is extended until 20 days after entry of the order to be made hereon. The petitioners in each of these proceedings are elementary school guidance counselors who had previously held teaching positions on the elementary school level. Due to the severe financial crisis in the City of New York, the Chancellor and the community school boards determined in August, 1975 that a substantial number of guidance counselor positions would be eliminated. The formula employed by the division of personnel in determining relative seniority was to credit the time served in guidance counseling without consideration of prior periods of service in teaching per se. On this basis, guidance counselors who had commenced their services as such after October 5, 1970 on the elementary school level, were laid off. Subdivision 2 of section 2510 and subdivision 3 of section 2585 of the Education Law (in identical wording) provide that: "Whenever a board of education abolishes a position under this chapter, the services of the teacher having the least seniority in the system within the tenure of the position abolished shall be discontinued." The board's contention is that guidance counseling constitutes a vertical tenure area and is separate from the general elementary school tenure area and that, therefore, the earlier periods of service as a classroom teacher should not be "tacked on" to the periods as a guidance counselor in determining seniority. In 1969, in *Matter of Fitzgibbons* (8 Ed Dept Rep 205, 206), the Commissioner of Education stated: " 'Area tenure' is descriptive of tenure at certain grade levels, such as elementary, secondary and kindergarten levels, and also of certain specified subjects, *including* physical education, music, art and vocational subjects. Apart from these *specified subjects,* tenure is not granted on the basis of course subjects, but is only descriptive of grade level" (emphasis supplied). The board argues that the use of the word "including" shows that the four subjects following that word were illustrative and not exhaustive. Petitioners argue, in effect, that the use of the words "specified subjects" shows that the exceptions to the general rule of grade-level tenure were apparently limited to the subjects listed immediately following. The case of *Matter of Baer v Nyquist* (34 NY2d 291), decided in 1974, noted that (p 294) "Until recently only grade-level tenure areas, and special subject tenure areas, *such as* music and physical education, have been used and received judicial recognition" (emphasis supplied). Again, argues the Commissioner of Education in his brief *amicus curiae,* this shows that the listing of special subjects as vertical tenure areas was intended as illustrative only. Nevertheless, claims of separation into various vertical tenure areas have been denied as follows: study hall supervision (as allegedly distinct from secondary school teaching) *(Matter of Van Heusen v Board of Educ. of City School Dist. of City of Schenectady,* 26 AD2d 721); social studies (the previous teaching was in general science) *(Matter of Baer v Nyquist,* 34 NY2d 291 *supra);* high school social studies (the previous teaching was in high school English and library science) *(Matter of Silver v Board of Educ. of West Canada Val. Cent. School Dist.,* 46 AD2d 427); high school French (the previous teaching was in high school mathematics and English) *(Matter of Amos v Union Free School Dist. No. 9,* 47 AD2d 711); driver education (the previous teaching was in Latin) *(Matter of Mitchell v Board of Educ. of Great Neck Public Schools,* 48 AD2d 835); assistant superintendent for business (the previous position was administrative assistant-instructor) *(Matter of Coates v Ambach,* 82 Misc 2d 532) and elementary school librarian

(the later positions included elementary school teacher) *(Matter of Hannan v Board of Educ. of Commack Union Free School Dist.,* 86 Misc 2d 299; see, also, *Matter of Palmer v Merges,* 37 NY2d 177). The case of *Baer v Nyquist (supra)* holds that school districts do not have the power to redefine tenure areas at all and that the Commissioner of Education may not do so retrospectively. The rationale of *Baer* and its progeny is that an employee is entitled to notice that a change of position within the horizontal. level involves the loss of tenure or of completion of the applicable probationary period. The same rationale applies to the loss of additional seniority which would otherwise accrue. The fact that special preparation and licensing are requisites for guidance counseling did not, per se, constitute notice, knowledge, or "tradition" that it was a separate, vertical tenure area. Although petitioners could have known that if guidance counseling positions were eliminated (or if they could not, for other reasons, pass their probationary period therein), they could not continue therein, they had no reason to know that they were renouncing the aggregation of seniority for their entire service in the same horizontal level (cf. *Matter of Blum v Board of Educ. of City School Dist. of City of N. Y.,* 52 AD2d 604). We believe that had they known this, many would have preferred the security of remaining where they were, even if the danger of elimination of the new position were remote. As stated by Special Term in the first above-captioned proceeding, "there has not been, nor is there now, any rule or regulation in the New York City School District which specifically singles out guidance counselors as a separate discipline." Neither the 1969 decision of the Commissioner of Education in *Matter of Fitzgibbons* (8 Ed Dept Rep 205, *supra)* nor the 1974 decision in *Matter of Baer v Nyquist (supra)* gave notice to prospective guidance counselor applicants that they would be transferring at their peril. If anything, those decisions had a lulling effect. Cohalan, Acting P. J., Margett, Damiani, Rabin and Titone, JJ., concur.