■ In the Matter of MARTIN BLUM et al., Individually and on Behalf of All Those Similarly Situated, Appellants, v BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK, Respondent.—In a proceeding pursuant to CPLR article 78 *inter alia* to enjoin the respondent from terminating the employment of petitioners, the petitioners appeal from a judgment of the Supreme Court, Kings County, dated February 5, 1976, which dismissed the petition. Judgment affirmed, without costs or disbursements. The issue is whether the respondent's promulgation of tenure lists of secondary school teachers (in connection with budgetary layoffs), wherein no credit was given for periods of junior high school service, was arbitrary or in violation of statute. We hold that it was neither arbitrary nor in violation of statute, and that the petition was properly dismissed. At least since 1958 it

has been a matter of public record that junior high school teaching constituted its own horizontal tenure area, separate from both the elementary school and high school tenure areas (see *Matter of Trani,* 1 Ed Dept Rep 184). Concomitant with this, the period of teaching in a junior high school could not be "tacked on" to later teaching in a high school (which requires its own license) for purposes of computing completion of the applicable probationary period for high school teaching (see *Matter of Becker v Board of Educ. of Middleburgh Cent. School Dist. No. 1,* 9 NY2d 111). Although there had been no specific determination of record as to whether such fragmentation of tenure periods would also apply to determination of seniority lists where high school core academic positions are abolished (cf. *Steele v Board of Educ. of City of N. Y.,* 52 AD2d 598) there was sufficient analogous history to alert junior high school teachers who were prospective high school teaching applicants that they would be stepping into an entirely independent horizontal tenure area, and that if layoffs were to occur in this new area, their junior high school service would not be counted in determining seniority. It was therefore not arbitrary for respondent, in this unfortunate situation, to consider only high school service in determining seniority. Nor was such determination in violation of subdivision 2 of section 2510 and subdivision 3 of section 2585 of the Education Law, which (in identical wording) provide that: "Whenever a board of education abolishes a position under this chapter, the services of the teacher having the least seniority in the system within the tenure of the position abolished shall be discontinued." The juxtaposition of the words "in the system", with the words "within the tenure of the position abolished", could reasonably be interpreted by the respondent to mean that only the period of service in the horizontal area of tenure (in this case, secondary schools) was to be considered in determining who had the "least seniority" (cf. *Matter of Becker v Board of Educ. of Middleburgh Cent. School Dist. No. 1,* 9 NY2d 111, 118, *supra).* We have noted the memorandum to the Governor written by the Governor's legal counsel in 1940 with reference to the predecessor statute (Bill Jacket, L 1940, ch 754, pp 13, 14), but do not believe that the interpretation therein stated was binding upon the respondent in light of all that has occurred since then. The basic purpose of the statute was to change the rule that if a teaching position is abolished, the person occupying that position is to be dismissed (see the memorandum to the Governor submitted by the New York State Teachers Association in support of the Assembly Bill [Assembly Bill Intro. No. 1908, Print No. 2141, L 1940, ch 754, pp 9, 10]), and that purpose was accomplished. The precise manner of its accomplishment could properly be determined administratively (absent arbitrariness or caprice, which we do not find). (See Education Law, § 310.) This case is to be distinguished from *Steele v Board of Educ. of City of N. Y. (supra),* in that transfer to a new horizontal area, of itself, constituted notice that new tenures and seniorities would arise. On the other hand, transfer from teaching per se to guidance counseling *in the same horizontal area* did not constitute analogous notice in the light of *Matter of Baer v Nyquist* (34 NY2d 291) and *Matter of Fitzgibbons* (8 Ed Dept Rep 205). Cohalan, Acting P. J., Margett, Damiani, Rabin and Titone, JJ., concur.