■ In the Matter of MARJORIE KAPLAN et al., Appellants, v BOARD OF EDUCATION OF LAKELAND CENTRAL SCHOOL DISTRICT OF SHRUB OAK et al., Respondents.—In a proceeding pursuant to CPLR article 78, inter alia, to direct the respondent board of education (Board) to immediately assign petitioners to regular teaching positions in their respective tenure areas and to declare the seniority lists promulgated by the Board null and void, petitioners appeal from a judgment of the Supreme Court, Westchester

County, dated July 17, 1976, which, *inter alia,* dismissed the petition. Appeal by petitioner Ray Eidelson dismissed as moot, without costs or disbursements. Petitioner Eidelson has accepted a probationary appointment in the respondent's middle schools with retroactive tenure credit. Judgment modified, on the law, by (1) adding thereto a provision declaring that the actions of the Board with regard to the termination of the services of petitioners Kaplan and Wiesen, and with regard to the failure to assign them to existing vacancies in their tenure areas, were legal and (2) adding to the second decretal paragraph thereof, before the word "dismissed", the word "otherwise". As so modified, judgment affirmed, without costs or disbursements. In this CPLR article 78 proceeding brought by certain probationary teachers, the issue is whether it was proper for the Board to promulgate seniority lists based upon a middle school tenure area for Grades 6 through 8. Special Term held that it was. As of July 1, 1970, the Board, at a regular meeting, restructured its educational organization by establishing three separate tenure areas in addition to kindergarten: elementary school for Grades 1 through 5, middle school for Grades 6 through 8, and high school for Grades 9 through 12. The record is silent with respect to the organizational structure of the Board's schools prior to the adoption of the resolution in question. Petitioners Marjorie Kaplan and Gloria Wiesen were appointed as teachers in the "elementary area of service" for Grades 1 through 5. The "subject validity" of their certificates is "common branch". Section 3012-a of the Education Law, which became effective on May 13, 1975, provides: "Elementary tenure area Notwithstanding any other provision of law to the contrary, and except in cities having a population of one million or more, elementary tenure area shall mean kindergarten through grade six for teachers employed in such grade levels after the effective date of this section. All teachers holding tenure as of the effective date of this section in the kindergarten tenure area or grades one through six tenure area shall be deemed to hold tenure in the elementary tenure area as defined by this section." Under the interpretation given the statute by the Commissioner of Education (as expressed in Formal Opinion of Counsel No. 232 [14 Ed Dept Rep 435]), the new elementary tenure area created by the statute applies *prospectively* to all "teachers first appointed after May 13, 1975 to serve in any of the grades kindergarten through six * * * without regard to the organizational pattern of a given school district." That opinion went on to provide: "However, the tenure area of teachers already serving, as of May 13, in an intermediate school or middle school tenure area is not affected by the new section, since the retroactive provisions of the section are limited, with respect to the elementary grades, to teachers in the 'grades one through six tenure area'. It should be noted that the retroactive provisions of the new section refer to 'all teachers *holding tenure* as of the effective date of this section . . . .' (emphasis supplied). However, since there has never been a distinction, for purposes of tenure areas, between teachers on tenure and teachers holding probationary appointments, and since no such distinction is made in the prospective provisions of section 3012-a, the retroactive provisions must be read to apply to teachers serving probationary periods as well as to teachers on tenure" (see 14 Ed Dept Rep 435, 436). To meet a fiscal crisis at the end of the 1974–1975 school year, 24 full-time professional staff positions were abolished, effective as of June 30, 1975. The Board promulgated district-wide seniority lists based upon length of service in certain designated tenure areas, including a "middle school" tenure area. Kaplan and Wiesen were included in the kindergarten through fifth grade elementary area, and were dis-

missed as teachers "having the least seniority in the system within the tenure of the position abolished" (see Education Law, § 2510, subd 2). It is not disputed that there would be at least three teachers less senior to them if the Board's elementary tenure area also included sixth grade, as there are at least three sixth grade teachers in the middle school who were appointed subsequent to the appointment of the petitioners. Traditional tenure areas may not be radically restructured by a board of education, except in a prospective manner, and then only with reference to regulations or standards propounded by the Board of Regents or enacted by the Legislature *(Steele v Board of Educ.,* 40 NY2d 456; *Matter of Baer v Nyquist,* 34 NY2d 291).* However, where a particular tenure area has been traditional, the court may conclude that a board has not undertaken any restructuring of tenure areas and the seniority formula will be upheld *(Steele v Board of Educ., supra; Matter of Mitchell v Board of Educ.,* 40 NY2d 904; *Matter of Blum v Board of Educ.,* 52 AD2d 604, affd 39 NY2d 984). While *Baer* and *Steele* are concerned with vertical tenure areas, the reasoning and analysis are equally valid with respect to horizontal tenure areas. A middle school tenure area for grades four through six was recognized by the commissioner in June, 1969 and again in January, 1970 *(Matter of Fitzgibbons,* 8 Ed Dept Rep 205; *Matter of Cuff,* 9 Ed Dept Rep 101). The Board prospectively restructured its schools, effective July 1, 1970, by resolution enacted at a regular meeting, so as to include an elementary tenure area for grades one through five and a middle school tenure area for grades six through eight. Therefore, when petitioners Kaplan and Wiesen were offered and accepted probationary positions in the "elementary" area, they were sufficiently alerted to the fact that they were accepting service in a tenure area for grades one through five (see *Steele v Board of Educ., supra,* p 463; *Matter of Mitchell v Board of Educ., supra).* The practical effect of a contrary holding (see *Steele v Board of Educ., supra,* p 464) would be the placement of the sixth grade teachers in the middle school in a tenure area which they did not accept and in which they did not serve. Petitioners' reliance on the statute is misplaced. "The interpretation placed on a statute by the agency charged with its administration if not irrational or unreasonable will be upheld" *(Matter of Union Free School Dist. No. 2 of Town of Cheecktowaga v Nyquist,* 38 NY2d 137, 142; *Matter of Lezette v Board of Educ.,* 35 NY2d 272, 281). Latham, Acting P. J., Margett, Suozzi and Mollen, JJ., concur.