■ In the Matter of Joseph Sepulveda, Appellant, v Long Island State Park and Recreation Commission, Respondent.

—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Long Island State Park and Recreation Commission which terminated the petitioner's employment as a plumber and steamfitter at Jones Beach State Park, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Wager, J.), dated June 15, 1984, which, *inter alia,* dismissed the petition.

Ordered that the judgment is affirmed, with costs.

On March 24, 1983, the petitioner, a permanent employee, agreed to a stipulation wherein he accepted "time and attendance probation for one year" in settlement of certain disciplinary charges against him. He was subsequently dismissed without a hearing on February 1, 1984, when he failed to return to work several weeks after sustaining a job-related injury.

The petitioner contends that he did not knowingly and voluntarily waive his contractual rights as a permanent employee to a hearing prior to dismissal, and that he should therefore be reinstated to his former position of employment. We find this contention to be untenable. Initially, the petitioner served a probationary term prior to achieving his permanent position and thus was undoubtedly aware of the ramifications of accepting probation with respect to the time and attendance charges *(see, Whitehead v State of New York, Dept. of Mental Hygiene,* 71 AD2d 653, 654, *affd* 51 NY2d 781). He does not, moreover, allege either that his signature was obtained involuntarily or that he was denied the assistance of his union representative, whose signature also appears on the settlement agreement. Special Term therefore properly found that his waiver of permanent status was "open, knowing and voluntary" *(Matter of Juul v Board of Educ.,* 76 AD2d 837, 838, *affd* 55 NY2d 648), and that the respondent was entitled to terminate his services without a hearing *(see, Matter of Talamo v Murphy,* 38 NY2d 637, 639; *Matter of Ostoyich v State of New York,* 99 AD2d 839, *lv denied* 62 NY2d 605).

We similarly reject the petitioner's assertion that his dismissal was arbitrary and capricious *(see, Matter of King v Sapier,* 47 AD2d 114, 116, *affd* 38 NY2d 960). The petitioner has failed to establish that the termination was made in bad faith *(see, Tomlinson v Ward,* 110 AD2d 537, 538, *affd* 66 NY2d 771; *Matter of Macklin v Powell,* 107 AD2d 964).

We have examined the petitioner's remaining contention and find it to be without merit. Mangano, J. P., Bracken, Niehoff and Rubin, JJ., concur.