■ In the Matter of CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., LOCAL NO. 1000, AFSCME AFL-CIO, OXFORD VETERANS' HOME LOCAL NO. 305, et al., Appellants, v SALLY VENUGOPALAN, as Administrator of the State Home for Veterans and Their Dependants at Oxford, et al., Respondents. [643 NYS2d 715] —Casey, J.

Petitioner John Nesbitt (hereinafter petitioner) is employed as a cook at the Home for Veterans and Their Dependents, a residential health care facility administered by respondent Department of Health and located in the Town of Oxford, Chenango County. In November 1993, petitioner was promoted from the position of cook to that of head cook. Before the position could become permanent, however, he was required to satisfactorily complete a probationary period of 12 to 52 weeks (*see*, Civil Service Law § 63 [1]; 4 NYCRR 4.5 [b] [2]).

Petitioner was given four written reports evaluating his performance in the position of head cook during 1994. Out of a possible 115 points, petitioner received evaluation scores of 57, 52, 39 and 37, respectively. He was further described as having difficulty fulfilling both his supervisory role and his own duties in the kitchen. To afford petitioner one last opportunity to improve his performance, it was determined that his probationary period would be extended for an additional 12 to 24 weeks (*see*, 4 NYCRR 4.5 [b] [5] [ii]).

Petitioner was notified of the decision to extend his probation-

ary period. His subsequent performance, however, showed no improvement. When petitioner's evaluation in February 1995 resulted in a score of 35, he was terminated from the head cook position and returned to the position of cook. Petitioner then commenced this proceeding pursuant to CPLR article 78, challenging his termination from the position of head cook on the ground that it had impermissibly occurred after the completion of the 52-week maximum probationary term (see, 4 NYCRR 4.5 [b] [2]). Supreme Court dismissed the petition and this appeal ensued.

Pursuant to 4 NYCRR 4.5 (b) (2), petitioner was subject to a probationary period of no more than 52 weeks. Upon the expiration thereof, respondents had the option of either terminating petitioner's employment or offering a second probationary term "in a different assignment" (4 NYCRR 4.5 [b] [5] [ii]; see, Matter of Albano v Kirby, 36 NY2d 526, 533). "In determining whether another probationary term is necessary as the only alternative to dismissal, the administrator should be given latitude in defining a 'different assignment' for purposes of fresh evaluation" (Matter of Palmer v Merges, 37 NY2d 177, 180).

There is no evidence in the record that the responsible administrator exercised any discretion in defining a "different assignment" for the purpose of a fresh evaluation of petitioner during the extension of his probationary term. To the contrary, it is apparent that petitioner was merely reassigned to the same assignment that had produced the unsatisfactory evaluations during the initial 52-week probationary term. The regulation relied upon by respondents (4 NYCRR 4.5 [b] [5] [ii]) does not authorize a second probationary term in the same assignment. As the second probationary term was unauthorized, petitioner's probationary appointment ripened into a permanent appointment upon his retention in the position beyond the 52-week period of probation (see, 4 NYCRR 4.5 [b] [5] [i]; see also, Matter of Albano v Kirby, supra, at 533; Flomenbaum v Drug Abuse Control Commn., 50 AD2d 20, 22). In so concluding, we reject respondents' contention that petitioner "agreed" to the extension of his probationary term by failing to object when he was notified of the extension (cf., Matter of Sepulveda v Long Is. State Park & Recreation Commn., 123 AD2d 703).

Because petitioner's probationary appointment to the head cook position ripened into a permanent appointment, respondents could not terminate his employment without the requirements of filing charges and holding a hearing (see, Civil Service Law § 75). We conclude that petitioner's application for rein-

statement and reimbursement of back pay should have been granted.

Cardona, P. J., Mikoll, Crew III and Yesawich Jr., JJ., concur. Ordered that the judgment is reversed, on the law, with costs, determination annulled and petition granted.