Matter of Glinka v State Univ. of N.Y. at Stony Brook (2020 NY Slip Op 01059)





Matter of Glinka v State Univ. of N.Y. at Stony Brook


2020 NY Slip Op 01059


Decided on February 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2017-05366
 (Index No. 9309/16)

[*1]In the Matter of Michael R. Glinka, appellant,
v
State University of New York at Stony Brook, et al., respondents.


Famighetti & Weinick, PLLC, Huntington, NY (Matthew Weinick of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Anisha S. Dasgupta, Mark H. Shawhan, and David Lawrence III, of counsel), for respondents.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of State University of New York at Stony Brook and Stony Brook Hospital dated June 1, 2016, which terminated the petitioner's employment as a Teaching and Research Center Nurse III, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Joseph C. Pastoressa, J.), dated March 30, 2017. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
The petitioner was employed by the respondents, State University of New York at Stony Brook and Stony Brook Hospital, as a Teaching and Research Center Nurse III. He started in that position on April 9, 2015. A probationary period of one year commenced when he took the position, and that term was extended for six months through October 16, 2016. On June 1, 2016, the petitioner's employment was terminated.
The petitioner subsequently commenced this proceeding pursuant to CPLR article 78 to review the respondents' determination to terminate his employment. The petitioner asserted, among other things, that the six-month extension of his initial probationary term was not authorized under 4 NYCRR 4.5(b)(5)(ii). Accordingly, the petitioner contended that his probationary period had ended prior to his termination, and that he was therefore entitled to certain protections under the
Civil Service Law, which were not provided to him (see Civil Service Law § 75). In a judgment dated March 30, 2017, the Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals.
As relevant here, the respondents were authorized to impose an initial probationary period of no more than 52 weeks (see 4 NYCRR 4.5[b][2]). The applicable regulation provides that "[i]f the conduct or performance of a probationer is not satisfactory, his or her employment may be terminated at any time after eight weeks and before completion of the maximum period of service" (4 NYCRR 4.5[b][5][ii]). "The appointing officer may, however, in his [or her] discretion, offer such probationer an opportunity to serve a second probationary term . . . in a different assignment" (id.). This second probationary term may not be "less than 12 nor more than 26 weeks" in duration (id.).
The Court of Appeals has stated that the rule authorizing a second probationary term, [*2]"if properly executed, is largely beneficial to the employee" (Matter of Palmer v Merges, 37 NY2d 177, 180; see Albano v Kirby, 36 NY2d 526, 531). "In determining whether another probationary term is necessary as the only alternative to dismissal, the administrator should be given latitude in defining a different assignment' for purposes of fresh evaluation" (Matter of Palmer v Merges, 37 NY2d at 180; see Matter of Civil Serv. Empls. Assn., Local No. 1000, AFSCME AFL-CIO, Oxford Veterans' Home Local No. 305 v Venugopalan, 228 AD2d 767).
Here, the record demonstrates that the petitioner's initial probationary period was extended by "a second probationary term . . . in a different assignment" (4 NYCRR 4.5[b][5][ii]). Contrary to the petitioner's contention, he failed to demonstrate that he did not actually serve the second probationary term in a "different assignment" (id.), or that the respondents' definition of that term was contrary to law (see Matter of Palmer v Merges, 37 NY2d at 180). Accordingly, the petitioner's termination occurred while he was a probationary employee (see Matter of Marshall v Simon, 160 AD3d 648, 649).
A probationary employee may "be dismissed for almost any reason, or for no reason at all" (Matter of Venes v Community School Bd. of Dist. 26, 43 NY2d 520, 525; see Matter of Duncan v Kelly, 9 NY3d 1024, 1025). "The employment of a probationary employee may be terminated without a hearing and without a statement of reasons in the absence of a demonstration that the termination was in bad faith, for a constitutionally impermissible or an illegal purpose, or in violation of statutory or decisional law" (Matter of Lane v City of New York, 92 AD3d 786, 786; see Matter of Gagedeen v Ponte, 170 AD3d 1013, 1014). Here, the petitioner failed to demonstrate that he was terminated in bad faith, for a constitutionally impermissible or an illegal purpose, or in violation of statutory or decisional law (see Matter of Gagedeen v Ponte, 170 AD3d at 1014; Matter of Meighan v Ponte, 164 AD3d 504, 505; Matter of Marshall v Simon, 160 AD3d at 649; Matter of Johnson v County of Orange, 138 AD3d 850, 851). Accordingly, we agree with the Supreme Court's determination denying the petition and dismissing the proceeding.
RIVERA, J.P., CHAMBERS, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court